**VONAHLEFELD, Appellant,**

v.

**VONAHLEFELD, Appellee.**

[Cite as *VonAhlefeld v. VonAhlefeld* (1993), 85 Ohio App.3d 220.]

Court of Appeals of Ohio,
Butler County.

No. CA92–05–085.

Decided Jan. 25, 1993.

*Baden & Jones Co., L.P.A.,* and *Mark N. Hardig,* for appellant.

*Lawrence P. Fiehrer,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant, Thomas VonAhlefeld, and defendant-appellee, Cynthia VonAhlefeld, were divorced on August 15, 1990, following a twenty-four year marriage. In the judgment entry and decree of divorce, the trial court ordered that

" * * * Plaintiff shall pay to Defendant, as and for permanent alimony, the sum of Seventy-five Dollars ($75.00) per week, which shall be subject to the continuing jurisdiction of the Court to modify the order in the event of a significant change in circumstances, such as the remarriage of the Defendant consistent with 3105.18 of the Ohio Revised Code."

On October 3, 1991, appellant filed a motion for an order terminating permanent alimony for the reason that appellee was planning to remarry. Appellee remarried on October 18, 1991. On January 31, 1992, the referee filed a report explaining that "[i]n the original divorce, I found that the Defendant had contracted herpes from the Plaintiff during the marriage, that she would suffer the pains of this illness and require medication the rest of her life, that Plaintiff physically abused the Defendant, that the Plaintiff earned $29,536.49 and Defendant $19,163.00 and made no award to Defendant on her attorney fees because of the Plaintiff's debt obligations. The award of alimony to defendant under these circumstances was an award based on the 'physical, mental and emotional condition' of the Defendant and 'other factors the court expressly considered relevant' rather than an award of sustenance or support. While the remarriage of the Defendant at least suggests that she no longer suffers from depression, there was no evidence before me regarding her physical or mental condition other than the stipulation that she was remarried. I recommend that the [*sic* ] be no change in the order for spousal support."

The trial court adopted the referee's recommendation in an entry filed on April 21, 1992, thereby denying appellant's motion.

Appellant filed a timely appeal in this court, raising a single assignment of error. Appellant contends that the trial court erred in denying his motion to

terminate the alimony payments. Appellant relies upon *Dunaway v. Dunaway* (1990), 53 Ohio St.3d 227, 560 N.E.2d 171, in support of his argument.

In *Dunaway,* at 232, 560 N.E.2d at 176, the court held that

"where a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law, unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries."

In this case, the divorce decree explicitly provides for the trial court to retain jurisdiction "to modify the order in the event of a significant change in circumstances, such as the remarriage of the Defendant [appellee]." Also, the decree contains separate provisions regarding property division and child support, and the parties did not explicitly agree that the alimony would continue after appellee remarried. Thus, this case does not fall within any of the three exceptions enumerated by the court in *Dunaway.* Therefore, we conclude that appellant's obligation to make alimony payments to appellee terminated as a matter of law on the date appellee remarried, October 18, 1991, under the *Dunaway* rule, and the trial court erred in denying appellant's motion.

Appellee argues that the *Dunaway* rule does not control in this case because the alimony was awarded upon the basis of exceptional circumstances, namely, appellee's physical condition as discussed in the referee's report. In essence, appellee is asking this court to create a fourth exception to the rule of *Dunaway* for "exceptional circumstances." Although we recognize the trial court's commendable intention to compensate appellee for her physical ailment resulting from appellant's conduct, we are unwilling to alter the clear mandate of *Dunaway.*

The trial court was bound by the rule of *Dunaway,* as is this court, and erred in failing to apply it. *Durbin v. Schoeber* (Jan. 27, 1992), Butler App. No. CA91–03–048, unreported, 1992 WL 12612. Accordingly, we reverse the trial court's decision denying appellant's motion and remand this case for the trial court to grant appellant's motion to terminate alimony as of the date of appellee's remarriage pursuant to *Dunaway.*

*Judgment reversed*
*and cause remanded.*

Jones, P.J., Koehler and Walsh, JJ., concur.