VAUGHT, APPELLANT, *v.*
VAUGHT, APPELLEE.

(No. 875—Decided June 24, 1981.)

*Mr. Timothy A. Hickey,* for appellant.
*Mr. Douglas J. Bradford,* for appellee.

KOEHLER, J. Appellant was divorced from Carl Vaught on September 15, 1971. Carl Vaught died on June 28, 1978, and, following the rejection of her claim

against Carl Vaught's estate, appellant filed a complaint against the executrix of the estate on October 18, 1978, seeking a judgment for alimony payments awarded to her by the divorce decree. The decree was attached to and made a part of the complaint.

Appellee answered, denying that the complaint set forth a claim upon which relief could be granted; she admitted all the allegations of the claim, except for the allegation that there were alimony payments due appellant subsequent to Carl Vaught's death.

Appellee filed a Civ. R. 12(C) motion for judgment on the pleadings, and the parties agreed that the matter should be submitted to the trial court upon memoranda, without additional hearing or oral argument.

The trial court held that the obligation for payment of alimony, as specifically awarded to appellant by the decree of divorce, terminated with the death of Carl Vaught and did not survive as a valid claim against the estate. The trial court granted judgment to appellee, and appellant timely filed her notice of appeal, asserting three assignments of error, to wit:

First assignment of error:

"The Common Pleas Court Erred in Refusing to Grant the Plaintiff's Claim for Continuing the Alimony Payments Where Such Payments Were Based on an Agreement Between the Plaintiff and Carl Vaught, and as a matter of Law, Obligated Carl Vaught's Estate to Make the Payments."

Second assignment of error:

"The Court Erred in Refusing to Grant the Plaintiff's Claim for Continuing the Alimony Payments While It was the Intention of the Court Decreeing the Divorce that the Payments Should Continue for Fifteen Years and Could Not be Modified, Obligating, as a Matter of Law, Carl Vaught's Estate."

Third assignment of error:

"The Court of Common Pleas Erred in Refusing the Plaintiff's Claim for Continuing the Alimony Payments When the Same Court Had Previously Declared that the Payments Could not be Modified As They Represented A Division of Property, Thus Becoming An Obligation of Carl Vaught's Estate."

In the determination of the motion for judgment on the pleadings, pursuant to Civ. R. 12(C), appellant was entitled to have all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true. *Rhoades* v. *McDowell* (1927), 24 Ohio App. 94. A motion for judgment on the pleadings is proper when only questions of law are presented; the determination of the motion is restricted solely to the allegations of the pleadings. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161 [63 O.O.2d 262]. The trial court may grant a judgment on the pleadings where no material factual issue exists and one party is entitled to a judgment in his favor as a matter of law. *Calhoun* v. *Supreme Court of Ohio* (1978), 61 Ohio App. 2d 1 [15 O.O.3d 13].

The trial court was precluded from looking beyond the pleadings and had only the decree of divorce as the factual base for its decision. As Judge Hill set forth in his opinion *sub judice,* "* * * [t]he real and personal properties were divided between the parties. Values are not set forth and the court now is unable to determine any basis for determining the equity of division of the assets of the marriage spanning some twenty-three years in that decree."

This court also must determine the nature of the alimony award from the totality of the decree and the separation agreement referred to therein. After examination of the divorce decree, we conclude that the relevant provisions therein established the following:

1. The parties, prior to or at the final hearing for divorce, had entered into an oral agreement which was intended to

fully settle and adjust all claims for alimony and division of property.

2. The divorce court was fully advised of the terms of the parties' agreement; it found the *contract* was fair and equitable; the court approved and confirmed the contract.

3. The divorce court ·then, in conformity with the parties' agreement, set forth that agreement in its decree of divorce as an order of the court and provided that the provisions of the judgment be final and binding upon the parties *except* as to certain matters, to wit: the custody and control of the minor children, which would be subject to the continuing jurisdiction of the court.

4. The divorce decree provided for the division of property and ordered that Carl Vaught pay to Margaret Vaught: "as alimony the sum of Fifty Dollars per week, said payment to continue for a period of fifteen (15) years from the date of this decree." There were no conditions impressed upon or attached to this obligation.

A separation agreement is a contract and such contract, if incorporated into a decree of divorce, becomes a judgment with force and effect of any judgment. *Weeden* v. *Weeden* (1927), 116 Ohio St. 524. Such a judgment embodies the final determination of the court of the rights of the parties upon all matters presented by the record. 32 Ohio Jurisprudence 2d 377, Judgments, Section 178; *Conrad* v. *Everich* (1893), 50 Ohio St. 476 (decrees and judgments for alimony in gross are judgments precisely like other general judgments).

Property acquired during marriage is so interwoven with the marriage relationship itself that all rights and liabilities should be determined at the time of the final decree in contemplation of a final dissolution of the marriage contract and a final determination of the marriage relationship. *Durham* v. *Durham* (1922), 104 Ohio St. 7; *Weidman* v. *Weidman* (1897), 57 Ohio St. 101.

In addition to the language of the decree, wherein the court ordered the provisions of this judgment to be final and binding upon the parties, we must also consider the principle of the finality of judgments. This principle has been discussed in *Popovic* v. *Popovic* (1975), 45 Ohio App. 2d 57, at page 64 [74 O.O.2d 94], as follows:

"In order to provide stability the law looks with favor on the principle of 'finality of judgments.' The reason for this principle is that persons must·be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty.

"This rule of finality of judgments is especially applicable to divorce judgments where there is an agreement which is incorporated into the journal entry of the trial court and where the trial court has not reserved jurisdiction to modify. The reason that such a decree is final and the court does not have continuing jurisdiction to modify it is that the parties voluntarily entered into a legally binding and enforceable contract. When parties enter into an agreement and it is submitted to the court, approved, and incorporated into a divorce decree, justice requires that the agreement be binding upon both parties. *Newman* v. *Newman* (1954), 161 Ohio St. 247 [53 O.O. 135]."

Relative to alimony judgments, the *Popovic* court further noted:

"There is an exception to the finality of judgments principle with reference to the payment of alimony. This exception applies only when there is a court order for periodic alimony payments and when the award for such alimony provides for an unspecified or an indefinite total amount and there is no reservation of continuing jurisdiction because of changed circumstances. It does not apply, as previously stated, when there is an agreement incorporated into the journal entry, when there is a division of property or a property settlement, or when the provision for permanent alimony is in a lump

sum or a stated amount in stated installments." *Id.*

The term "alimony" in its original sense, signified an allowance for nourishment or sustenance of the wife. However, R.C. 3105.18(A) provides that "alimony may be allowed in real or personal property, or both, or by decreeing a sum of money * * *."

Black's Law Dictionary (4 Ed. 1968) defines periodic alimony as "[a]n allowance payable at intermittent times, usually by the week or the month, in a definite amount over a definite or indefinite period. An award of periodic alimony is appropriate according to the needs of the spouse requesting alimony and the corresponding ability of the other spouse to pay."

The terms "alimony in gross" and "gross alimony" are applied to an amount agreed upon or determined in full or in lieu of all alimony and such amount is frequently payable in installments. *Whitney* v. *Whitney* (1957), 15 Ill. App. 2d 425, 146 N.E.2d 800.

Courts have drawn distinctions between those alimony awards which are for a fixed sum, with a fixed terminal date, and those which are for an indefinite sum. *Clelland* v. *Clelland* (1959), 110 Ohio App. 546 [13 O.O.2d 354].

Thus, *Hunt* v. *Hunt* (1959), 169 Ohio St. 276 [8 O.O.2d 286], held that an indefinite award of alimony was modifiable upon the subsequent remarriage of the wife, even though based upon an agreement of the parties. However, the court in *Dailey* v. *Dailey* (1960), 171 Ohio St. 133 [12 O.O.2d 161], refused to modify an award termed "alimony" following remarriage of the wife, while acknowledging the compelling public policy arguments, for the reason that the "alimony" award was for a definite amount of money, even though it was payable in installments. The court held that it was part of an overall property settlement. The divorce decree denominated the award as alimony; the Supreme Court held as a matter of law that it was part of a property settlement. The terms "alimony" and "property settlement" are often used interchangeably and courts are frequently called upon, as we are in the instant case, to determine the exact nature of the obligation. *Daily, supra; DeMilo* v. *Watson* (1957), 166 Ohio St. 433 [2 O.O.2d 433].

The distinction between alimony and property settlement was more closely examined in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], wherein the court, at page 411, noted:

"* * * [I]t is our considered opinion that most awards of property incident to a final divorce are readjustments of the parties' property rights and whether such judgment is called alimony or division of property has not been considered important * * * by parties, bench or bar." (Citations omitted.)

In the *Wolfe* case, an agreement of the parties specified that the alimony award was not part of an overall property settlement, and was designated for the support and maintenance of Mrs. Wolfe. It is further noteworthy that the *Wolfe* court reaffirmed the holding in *State, ex rel. Cook,* v. *Cook* (1902), 66 Ohio St. 566, wherein the court, while considering a decree providing for *alimony* of a definite amount, and without provision for any contingencies, held at page 573, that the award was in the nature of a property settlement, to wit:

"[T]he provision for alimony is an allowance. It is in the nature of a partition. Recognizing the right of the wife to participate in the accumulations which are presumably the result of their joint efforts and joint economies, and having in mind at the same time any property which may have come to the husband by the marriage, the law wisely awards the wife a just and equitable proportion of the whole, and for purposes of convenient execution and to meet all varying situations, this allowance may be made either in real or personal property, or both, or in

money, payable in gross or in installments, as to the court may seem reasonable. The court does not decree alimony as a debt to the wife, or as damages to be paid to her by her late husband, but as a part of the estate standing in his name in which she has a right to share, fixed by the court in its discretion, and thus appropriated to her, and to which she thereupon becomes legally entitled."

Ohio courts have distinguished decrees which embody a prior agreement of the parties from those decrees which were court-ordered. *Popovic* v. *Popovic, supra,* collected and analyzed the authorities relative to this issue and held in paragraph two of the syllabus as follows:

"* * * A. If the parties to a divorce proceeding agree to an indefinite amount of permanent alimony and the trial court finds that the agreement as to permanent alimony is fair, just and equitable and therefore incorporates it into the journal entry, but the court does not reserve continuing jurisdiction to modify said award, the trial court does not have authority to modify the decree for permanent alimony because of changed circumstances. Because the parties voluntarily entered into a valid contract without mistake, misrepresentation or fraud, and because at their instance the agreement was submitted to the court, duly approved, and incorporated into the decree, plain justice required that it bind both parties thereto.

"B. If there is no agreement between the parties as to permanent alimony of an indefinite amount, and the trial court makes an alimony award after hearing all the evidence, but the court does not expressly reserve jurisdiction to modify, it is implied that the trial court does have continuing jurisdiction to modify the award for permanent alimony because of change of circumstances."

To the extent that *Wolfe* v. *Wolfe, supra,* would change this holding, it is not

applicable for the reason that its holding is to be applied prospectively.

In summary, Ohio courts will not modify alimony awards for a definite amount of money without contingencies when those judgments have been granted pursuant to an agreement of the parties. The *Vaught* judgment could not have been modified during the lifetime of the deceased.

In the instant case, the trial court applied the law applicable to that line of cases referring to court-awarded alimony rather than the law which applies to decrees which were based upon agreement of the parties. The trial court's ruling was erroneous inasmuch as the decree was based upon an agreement, and whether that agreement was written or oral is not relevant. Does it then follow that a non-modifiable award of alimony continues as an obligation after death?

*Hassaurek* v. *Markbreit* (1903), 68 Ohio St. 554, held in its syllabus that such an alimony award was a charge against the estate of the former husband, to wit:

"When upon the trial of a suit for divorce the court finds from the evidence that the wife has been wilfully absent for more than three years and that the husband is entitled to a decree upon that ground, the court has jurisdiction under Section 5700, Revised Statutes, to adjudge to her such share of the husband's property as it deems just and reasonable, and if the parties thereupon agree that such division shall be made by adjudging that he shall pay to her a sum named every month during her life and *such agreement is carried into the decree,* there is imposed upon him, *and upon his estate in case of his death before hers,* a valid obligation according to the terms of the decree." (Emphasis added.)

That holding was reaffirmed in *DeMilo* v. *Watson, supra,* wherein the court, after surveying Ohio case law, noted that *Snouffer* v. *Snouffer* (1937), 132 Ohio St. 617, and *Graff* v. *Graff* (1919), 99 Ohio St. 448 (holding that an

award of alimony payable in installments and not based upon a contract was a personal obligation, abating upon death), did not apply where the alimony was payable in regular installments over a prescribed period and based upon an agreement of the parties. They noted that in those cases *Hassaurek* was controlling and the alimony did not terminate upon death of the husband, but continued as an obligation against his estate after death.

We conclude that the parties entered into a valid separation agreement; that the separation agreement was a valid and binding contract between the parties; that the agreement was found to be fair and equitable by the court and incorporated into the order of the court, thereby vesting the rights of the parties and, specifically, vesting appellant's right to receive a sum certain.

We further hold that the alimony award for the payment of a sum certain in installments over a definite period of time without contingencies, was a part of the division of property, regardless of how denominated, which vests when it is merged into the final decree and is, accordingly, a valid claim against the estate of the deceased spouse.

In accordance with our decision herein, the appellant's second and third assignments of error are not well-taken; appellant's first assignment of error is sustained.

It being the judgment of this court that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have a judgment rendered in her favor as a matter of law, judgment of the Clermont County Court of Common Pleas is reversed and judgment for appellant is hereby rendered pursuant to App. R. 12(B).

*Judgment reversed.*

CASTLE, P.J., and HENDRICKSON, J., concur.