McCLUSKY, f.k.a. Nelson, Appellant,

v.

NELSON, Appellee.

[Cite as *McClusky v. Nelson* (1994), 94 Ohio App.3d 746.]

Court of Appeals of Ohio,
Summit County.

No. 16481.

Decided May 11, 1994.

*Susan Pritchard,* for appellant.

*Thomas Ciccolini,* for appellee.

BAIRD, Judge.

This cause was heard upon the appeal of Diane McClusky (f.k.a. Diane Nelson) from an entry of the Summit County Court of Common Pleas, Domestic Relations Division, granting Gary Nelson's motion to terminate alimony payments because Diane had remarried. We reverse.

On April 30, 1991, the parties were granted a divorce. The divorce decree incorporated a separation agreement between the parties, which required Gary to pay alimony in the amount of $475 per month to Diane for a definite period of sixty months. Neither the separation agreement nor the trial court's judgment entry provided that the court would retain jurisdiction to modify the provision for alimony.

In August 1991, Diane remarried, and, in June 1993, Gary filed a "Motion to Terminate Alimony." On July 13, 1993, the trial court adopted the findings of the referee, which recommended that the motion be granted and alimony payments be terminated. The referee based his decision on the policy set forth in *Dunaway v. Dunaway* (1990), 53 Ohio St.3d 227, 560 N.E.2d 171. In *Dunaway,* the Supreme Court of Ohio stated that:

"It is clear to us that when parties marry they assume mutual obligations of maintenance and support. It is a conscious election to share life together, and this necessarily includes financial circumstances. To hold a first spouse responsible for continued support of a former spouse who has remarried is tantamount to imposing a legal obligation to support another couple's marriage." *Id.* at 232, 560 N.E.2d at 176.

The referee concluded that public policy overrides the apparent conflict between that case (which held that the court could modify the alimony award upon remarriage of the spouse, despite the fact that the court had not retained

jurisdiction) and R.C. 3105.18(E) (which says that courts may only modify a divorce decree, if the decree specifically states that the court retains jurisdiction to do so).

It is from the court's granting of the motion to terminate alimony that Diane now appeals, asserting a single assignment of error.

### Assignment of Error

"The trial court erred to the prejudice of the plaintiff-appellant when it terminated the defendant-appellee's alimony payments before the expiration of the five-year payment term which was set forth in the separation agreement and incorporated into the divorce decree."

Diane argues that R.C. 3105.18(E) should be strictly applied and, consequently, because the divorce decree did not contain a provision which provided that the trial court retained jurisdiction over the alimony provisions, the court did not have jurisdiction to modify the award of alimony. See *Johnson v. Johnson* (1993), 88 Ohio App.3d 329, 331, 623 N.E.2d 1294, 1295; *Grimes v. Grimes* (July 2, 1992), Cuyahoga App. No. 60223, unreported, 1992 WL 159812. Gary, on the other hand, argues that, because this case involved the possibility that alimony payments would continue beyond Diane's remarriage, this case is not simply a case of modification of an alimony award, but involves broader policy arguments.

R.C. 3105.18(E) provides that:

" * * * [i]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

"(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support. * * * "

The referee found that the policy announced in *Dunaway* provided for an exception to this statute in the case of remarriage of the obligee-spouse. But cf. *Alty v. Alty* (Oct. 15, 1991), Champaign App. No. 91CA4, unreported, 1991 WL 217023 (also finding that *Dunaway* and R.C. 3105.18[E] are in conflict, but holding that the statute controls). Although *Dunaway* does state strong policy reasons why an ex-spouse should not be required to provide support after the other spouse has remarried, its holding is not applicable to this case. As in this case, *Dunaway* involved a separation agreement which was later incorporated

into the terms of a divorce decree which was technically not modifiable because the trial court had not retained jurisdiction over the award. However, the alimony provision in *Dunaway* provided for the payment of sustenance alimony for an indefinite period of time. *Dunaway*, 53 Ohio St.3d at 229, 560 N.E.2d at 173–174. The case at bar involved an agreement between the parties which specified a definite amount to be paid for a definite period of time.

██ Generally, "Ohio courts will not modify alimony awards for a definite amount of money without contingencies when those judgments have been granted pursuant to an agreement of the parties." *Vaught v. Vaught* (1981), 2 Ohio App.3d 264, 268, 2 OBR 293, 297, 441 N.E.2d 811, 815. Such agreements are seen as vesting the obligee's right to receive a sum certain, pursuant to a valid and binding contract between the parties. *Id.* at 269, 2 OBR at 298, 441 N.E.2d at 816. Even in cases where the obligor dies before all installments of the award are paid, Ohio courts have long held that the obligee will then have a claim against the obligor's estate for the remaining installments. *Id.* at 268–269, 2 OBR at 297–298, 441 N.E.2d at 815–816, citing *Hassaurek v. Markbreit* (1903), 68 Ohio St. 554, 67 N.E. 1066.[1] In this case, therefore, the trial court erred in finding that Gary's alimony obligation could be modified and that his obligation terminated upon Diane's remarriage.

██ The parties' arguments, the referee's recommendations, and the trial court's findings were all premised on the referee's conclusion that the payments in question constituted sustenance alimony and were not a part of the property settlement between the parties. The referee stated in his report that:

"While it remains somewhat ambiguous and the labels used by the parties do not prevail over legal effort [*sic*], it is clear to the Referee that the parties intended these periodic payments to be sustenance alimony or spousal support. There is nothing in the record to indicate the payments were to be made to satisfy [a] property division."

Although the appellant did not assign this issue as error, it is unclear how the referee reached the conclusion that the payments were not part of the property settlement. It has long been the law of Ohio that, where an alimony award is for

---

1. The 1991 amendment to R.C. 3105.18(B) added the language, "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." Even if this amendment can be interpreted as overruling the *Hassaurek* line of cases, it does not change the logic which prompted the courts to come to this conclusion. Furthermore, the fact that the legislature chose to provide a specific exception to the statute for the case of death of the obligor, but did not provide an exception for remarriage of the obligee, supports our finding that, under these circumstances, remarriage of the obligee does not automatically terminate the obligor's duty to pay the alimony, as provided in the parties' agreement.

the payment of a sum certain in installments over a definite period of time and is payable without contingencies, that amount is part of the property division, as a matter of law, no matter what the parties or the court actually called the award. *Vaught*, 2 Ohio App.3d at 269, 2 OBR at 298, 441 N.E.2d at 816. See, also, *Dailey v. Dailey* (1960), 171 Ohio St. 133, 135, 12 O.O.2d 161, 162, 167 N.E.2d 906, 907–908; *Schultz v. DiMondo* (Dec. 11, 1991), Summit App. No. 15154, unreported, at 6, 1991 WL 262885; Annotation, Alimony as Affected by Wife's Remarriage, in Absence of Controlling Specific Statute (1956), 48 A.L.R.2d 270, 302.

Had the referee properly determined that the award at issue in this case was a part of the parties' agreement regarding division of property, the outcome would have been clear. As part of the property division, the obligor is required to continue payment for the prescribed period of time, regardless of whether the obligee remarries. *Dunaway, supra*, 53 Ohio St.3d 227, 560 N.E.2d 171, syllabus.

Appellant's assignment of error is well taken. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and COOK, J., concur.