OPINION
Defendant-appellant, Dwain Campbell, appeals an order of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to terminate spousal support.
Appellant and plaintiff-appellee, Debbie (Campbell) Couch, were granted a divorce by the Butler County Court of Common Pleas on November 29, 1994. According to the parties' separation agreement, which was incorporated into the final divorce decree, appellant received his entire PERS retirement account. The retirement account consisted of approximately $16,000, of which $14,222 was a marital asset. In addition, appellant received a truck valued at $3,000. The appellant also assumed marital debts that totaled $11,934.
Appellee received no marital assets of any value except for household goods that were divided between appellant and appellee and on which no value was ever placed. Further, appellee assumed $1200 of marital debts. The divorce decree also provided that appellant would make monthly payments of $110 to appellee for a period of twenty-four months as spousal support. The divorce decree did not provide that the court would retain jurisdiction to modify the monthly payments to appellee, nor did the divorce decree provide for any conditions that would terminate the monthly payments.
Appellee remarried on January 17, 1995. Appellant filed a motion to terminate spousal support on June 16, 1995 asserting that since appellee had remarried, his obligation to make monthly payments to appellee had been terminated. After a hearing on the matter, a magistrate concluded that the monthly payments were not spousal support. Instead, the magistrate found that the monthly payments were actually part of the property settlement. As a result, the magistrate held that appellee's second marriage did not terminate appellant's obligation to make the monthly payments to appellee and he issued a recommendation to deny appellant's motion on July 19, 1995.
Appellant filed written objections to the magistrate's recommendation on August 7, 1995. The trial court set aside the magistrate's decision and ordered that the matter be set for rehearing to allow both parties to present testimony as to whether the monthly payments to appellee constituted spousal support or were part of a property settlement. At the second hearing, the magistrate heard testimony from appellant and appellee regarding the value of the various properties at the time of their divorce and the magistrate carefully reviewed the divorce decree in its entirety. After evaluating this evidence, the magistrate concluded that the monthly payments to appellee were part of a property settlement and he again issued a recommendation that appellant's motion to terminate be denied. On February 23, 1996, appellant filed written objections to the magistrate's decision. On April 15, 1996, the trial court affirmed the denial of appellant's motion to terminate.
Appellant appeals assigning a single error:
 THE TRIAL COURT ERRED BY FAILING TO TERMINATE SPOUSAL SUPPORT AFTER REMARRIAGE BY THE OBLIGEE SPOUSE.
Appellant primarily relies upon Dunaway v. Dunaway (1990),53 Ohio St.3d 227, as support for his argument that appellee's remarriage terminated his obligation to make monthly payments to appellee. In Dunaway, the Ohio Supreme Court was presented with the issue of whether the remarriage of one party to a divorce terminates the other party's duty to pay sustenance alimony for an indefinite period of time. Id. at 229. The Supreme Court held that when a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law, unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries. Id. at 232.
Dunaway specifically addressed the consequences of a remarriage on sustenance alimony. At the time that Dunaway was decided, Ohio law recognized two types of alimony. The first type was lump sum alimony and the second type was sustenance alimony. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93. Lump sum alimony was usually awarded from existing property, as part of a division of marital assets and liabilities, but was always for a definite item of property or definite amount of money. Id. Sustenance alimony, however, was invariably a sum paid at regular intervals to provide sustenance and support. Cherry v. Cherry (1991),66 Ohio St.2d 348, 352.
An amendment to the Ohio Revised Code, effective January 1, 1991, redesignated sustenance alimony as spousal support and specifically distinguished payments made as spousal support from lump sum alimony or payments made as part of a property division. R.C. 3105.18(A) now defines spousal support as payments made to a former spouse that are for sustenance and support of the former spouse. Specifically excluded from the current definition of spousal support are any payments made to a former spouse that are part of a division or distribution of property or a distributive award. Ohio courts have closely examined separation agreements and divorce decrees to determine if payments to a former spouse are part of a property division or are designed to provide sustenance and support to a former spouse. In so doing, courts have held that if an alimony award is for the payment of a sum certain in installments over a definite period of time and is payable without contingencies, it is part of the property division, as a matter of law, regardless of what the parties or the court actually called the award. McClusky v. Nelson (1994),94 Ohio App.3d 746, 750-751; Vaught v. Vaught (1981), 2 Ohio App.3d 264,269. In other words, where payments are for a definite amount and are to be paid for a definite period of time, the payments have been found to be part of the division of marital property and not for sustenance and support. McClusky at 749-750. Moreover, if the payments help create an equal distribution of assets, the payments have been found to be part of the division of marital property instead of for sustenance and support. Kick v. Kick (Sept. 30, 1981), Wayne App. No. 1739, unreported. If a court does conclude that payments for a sum certain and definite time are made as part of the property division, the obligor is required to continue payment for the prescribed period of time, regardless of whether the obligee remarries. Dunaway, 53 Ohio St.3d 227, syllabus; McClusky at 750.
In the present case, even though the monthly payments were designated as spousal support, the record shows that the payments to appellee actually constituted part of the property settlement. Like McClusky, the amount and duration of the monthly payments to appellee were fixed and definite. Moreover, like Kick, the monthly payments to appellee were a mechanism to equalize the overall property division between appellee and appellant. After paying all the marital debts that he had assumed, the record shows that appellant received a gross of $5,287 in marital assets. The twenty-four monthly payments of $110 that appellant was to make to appellee totals $2,640 which is almost exactly one half of the marital assets retained by appellant. Therefore, the monthly payments to appellee were not for sustenance and support. The monthly payments constituted part of the property settlement and fall under the first exception to the general rule expressed in Dunaway. Thus, appellee's remarriage does not terminate appellant's obligation to make the payments to appellee.
Appellant's assignment of error is overruled and the trial court's denial of appellant's motion to terminate spousal support is affirmed.
WALSH, P.J., and YOUNG, J., concur.