DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Nicholas H. Abramovich ("Nicholas") timely appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, denying his Motion for Relief from Judgment pursuant to Civ.R. 60(B), in the matter of spousal support. This Court affirms.
 I.
Nicholas and Kathleen Abramovich were granted a dissolution of marriage by decree of the Summit County Domestic Relations Court dated July 17, 1990, as journalized on September 6, 1990. The couple had negotiated a separation agreement dated June 4, 1990, and the separation agreement was incorporated into the decree of dissolution of marriage. The agreement governed the issues of division of property, child custody, child support and spousal support, then denominated "alimony." It is the last issue that is the basis for the instant appeal.
At the time of the dissolution, the couple had three minor children, who remained in the custody of Kathleen. Their separation agreement provided for Nicholas to pay child support for each child until age 21 (if attending college) and required each spouse to pay for half of each child's college education. The agreement also provided for spousal support for Kathleen in the amount of $2000 per month for six years, then for $1500 per month for six years. At the end of the twelve-year spousal support period, the couple's youngest child would have reached age 19.
In August 1996, Kathleen remarried. On February 7, 1997, Nicholas filed a motion to terminate the spousal support, given the fact of Kathleen's subsequent marriage.[1] The magistrate held a hearing on March 6, after which he denied the motion to terminate the spousal support, because the separation agreement failed to reserve jurisdiction for the court to modify the spousal support. Nicholas filed objections to the magistrate's report, and on May 9, the judge overruled the objections and denied Nicholas's motion to terminate spousal support. Nicholas did not appeal the trial court's decision. Rather, because Nicholas refused to pay spousal support, Kathleen filed a Motion for Contempt on September 16, 1997. In response to Kathleen's motion, Nicholas filed his Motion for Relief from Judgment pursuant to Civ.R. 60(B). When the trial court denied Nicholas' Rule 60(B) motion on May 21, 1998, Nicholas filed the instant appeal.
The separation agreement, in the section labeled "REPRESENTATION BY COUNSEL," stated that the couple negotiated their own agreement, and that Kathleen was represented by an attorney (the attorney who presided over the execution of the agreement). The agreement also stated that Nicholas was not represented by an attorney, that he was advised to secure his own counsel, and that he refused to do so. It further stated that Nicholas was advised that the attorney only represented his wife and that the attorney "has not advised or represented the Husband in any manner whatsoever."
The portion of the separation agreement dealing with spousal support made no mention of any possible termination upon the occurrence of either party's death or of remarriage by Kathleen. The separation agreement also failed to assign continuing jurisdiction to the court to modify the spousal support. The only provision for modification of the terms of the separation agreement was "in writing and signed by both parties."
Nicholas now appeals the denial of Civ.R. 60(B) relief from judgment, with a single assignment of error.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO SET ASIDE THE PARTIES' DISSOLUTION DECREE WITH REGARD TO THE CONTINUATION OF SPOUSAL SUPPORT AFTER APPELLEE'S REMARRIAGE.
Given the obvious desire of the law to achieve a state of finality to the parties in a case, the decision of the trial court, if not appealed, must remain undisturbed on the sound doctrine of res judicata. LaBarbera v. Batsch (1967), 10 Ohio St.2d 106,113. Where any party desires to challenge the decision of the lower court, the party must timely appeal the decision, in order that the parties can be secure in knowing that the results obtained in court will not be disturbed. The allowance of relief from judgment under Civ.R. 60(B) must be granted only in the exceptional circumstance that justice demands relief from a prior judgment. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105.
The Rule 60(B) relief is not an alternative to the appeals process. "[W]here a party's contentions challenge the correctness of the trial court's decision on the merits and could have been raised on direct appeal, Rule 60(B) cannot be used as an alternative device through which to challenge the legal merits of a judgment." Sauerwein v. Sauerwein (Feb. 2, 1996), Lucas App. No. L-95-084, unreported.
Nicholas failed to directly appeal the trial court's refusal to terminate spousal support. Having failed to directly appeal the trial court's decision, he does not merit a second day in court. Thus, the trial court was correct in dismissing the Rule 60(B) motion.
This Court has already held that "[i]n order to prevail upon a Civ.R. 60(B) motion, a party must demonstrate a meritorious claim, entitlement to relief under one of the grounds of the rule, and the timeliness of the motion." Hanna v. Hanna (Dec. 16, 1992), Summit App. No. 15646, unreported, at 3, citing, GTE AutomaticElec. v. ARC Industries (1976), 47 Ohio St.2d 146, 150.
To prevail on a Rule 60(B) motion, an appellant must first present a meritorious claim. In the instant case, Nicholas asserts that it would be unjust to compel him to continue to pay spousal support to his ex-wife who is now remarried. This subject matter is controlled by statute in Ohio. Since 1986, the legislature has provided that courts shall not have ongoing jurisdiction to modify periodic awards of spousal support in divorce or dissolution of marriage cases, unless the court specifically reserves that jurisdiction in a divorce case or the separation agreement in a dissolution case grants the court such jurisdiction. R.C.3105.18(E) and R.C. 3105.65(B).
The courts have noted a distinction between time-limited support awards and unlimited awards (usually terminating only upon the death or remarriage of the obligee spouse). The former are considered to be more in the form of a property settlement despite their denomination as "spousal support." See, McClusky v. Nelson
(1994), 94 Ohio App.3d 746, 748-50, discussing Dailey v. Dailey
(1960), 171 Ohio St. 133, and Vaught v. Vaught (1981), 2 Ohio App.3d 264. A court will generally be without any authority to modify an award for a term of years out of deference to the obligee spouse's financial security from the award. An indefinite award is more appropriately modified, since a greater range of unforeseen changes in circumstance may occur.
The courts have made a second distinction between the jurisdiction to modify held by the trial court in a divorce as opposed to that in a dissolution agreement. In a divorce, it may be said that just as the court had the discretion to decide what, if any, award was to be made, it also had the discretion to modify such an award. See McClain v. McClain (1984), 15 Ohio St.3d 289,290. On the other hand, when the separating parties have negotiated terms for the dissolution of their marriage by way of a separation agreement, deference must be given to the rights of the parties to make and keep their bargain.
In any event, since 1986, the statute has provided that unless the court specifically retains jurisdiction to modify the spousal support, either sua sponte in a divorce or by allocation of such jurisdiction by the parties in the dissolution context, the court may not modify the spousal support award. The language of the controlling statute is unambiguous:
 * * * [I]f a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support.
 (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support.
R.C. 3105.18(E). The legislature has decided to weigh in heavily on the right of the recipient party to be secure in the spousal support award, and to be able to build a life based on the knowledge that such a financial provision is in place. The parties in a dissolution of marriage may bargain for the ongoing jurisdiction of the court to revise the spousal support award, if they so desire.
Nicholas and Kathleen chose not to provide for ongoing jurisdiction of the court to modify their separation agreement with reference to the spousal support. Without such a reservation of jurisdiction, the trial court ruled properly to deny Nicholas's motion to terminate spousal support, since it lacked jurisdiction based on the clear provision of the separation agreement. Likewise, the trial court was proper to deny Nicholas's Rule 60(B) motion.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.* * *.
The Supreme Court of Ohio has held that:
 The "* * * it is no longer equitable * * *" clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to the circumstances which they had no opportunity to foresee or control. * * * [It] will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding.
Knapp v. Knapp (1986), 24 Ohio St.3d 141, at paragraphs one and two of the syllabus.
Nicholas reasonably could have foreseen any number of circumstances under which ongoing spousal support payments would be unwarranted or onerous. Nonetheless, he agreed to make these payments for a period of twelve years. He also agreed to make the separation agreement non-modifiable except by the mutual consent of the parties.
This Court recently visited the issue of a Rule 60(B) motion under very similar circumstances, where the trial court refused the husband's Rule 60(B) motion to modify the spousal support. In Pierson v. Pierson (June 10, 1998), Medina App. No. 2714-M, unreported, we reversed the trial court's decision to refuse to hear the Rule 60(B) motion for lack of jurisdiction. Unlike the present case, the separation agreement in Pierson
provided that no modification could be made "unless it be done in writing, signed by both parties or by subsequent court order." (Emphasis added.) Id. at 3-4. On that basis, and citing In reWhitman (1998), 81 Ohio St.3d 239, 244, we found that the trial court did have jurisdiction to modify provisions of the agreement, where such jurisdiction was allocated to the court by the parties in the separation agreement. Id. at 4.
Nicholas relies on the decision of the appellate court for Madison County, holding that a Rule 60(B)(5) motion to terminate spousal support was appropriate to grant relief from an unjust judgment. Whiteside v. Fowle (Sept. 3, 1996), Madison App. No. CA96-03-014, unreported. However, there is a significant difference between the support arrangement in Whiteside and the arrangement in the instant case. In Whiteside, the separation agreement, which was incorporated into the dissolution decree, included no termination date for the spousal support award. The appellate court in Whiteside looked to the Supreme Court's holding in Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, which held that it was against public policy to enforce continued spousal support after the remarriage of the recipient spouse, absent certain salient conditions.
This Court must respectfully disagree with the Whiteside
court's application of the holding in Dunaway. First, the couple in Dunaway divorced in 1977, years before the legislature's 1986 enactment of R.C. 3105.18(E), which greatly restricted spousal support modification. Second, unlike the Whiteside case, theDunaway marriage was terminated by divorce, not by dissolution of marriage. Thus, the Ohio Supreme Court in Dunaway appropriately applied the standard of Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, in effect at the time the Dunaways initially divorced, which held that the court in a divorce implicitly retained jurisdiction to modify spousal support. Finally, the holding in Whiteside, that in a dissolution of marriage, spousal support after the remarriage of the recipient spouse terminates as a matter of law, contradicts the Ohio Supreme Court holding in In re Adams (1989), 45 Ohio St.3d 219. "Pursuant to R.C. 3105.65(B), a court is without jurisdiction to modify or terminate an award of alimony set forth in a separation agreement incorporated into a decree of dissolution of marriage, absent a reservation of jurisdiction in the agreement." Id. at the syllabus.
In Ohio spousal support is governed by statute, and the changes made to R.C. 3105.18(B) in 1991 are instructive. The statute now reads: "Any award of spousal support made under this section [pertaining to divorce or legal separation proceedings] shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." This post-Adams provision applies only to divorce, not to dissolution of marriage, proceedings. Likewise, it does not preclude ongoing spousal support after the remarriage of the recipient spouse.
The spousal support in the instant case was for a specific term of years. This Court has consistently held that such an award was in the nature of a property settlement and, like any property settlement in a dissolution of marriage, must not be disturbed by the court absent the agreement of the parties to allow later modification. McClusky v. Nelson, supra, at 749-750. Like a property settlement that is paid out over a term of years rather than in a lump sum, such payments should not stop simply because the recipient spouse has remarried.
While Nicholas may feel that on ongoing obligation to pay spousal support is unjust, the situation is one of his own making, and the trial court lacks jurisdiction to alter the situation because of the manner in which Nicholas chose to execute the separation agreement.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR
[1] The record shows that the spousal support award was at issue prior to Kathleen's marriage. On January 11, 1995, Kathleen filed a motion for contempt against Nicholas for his failure to pay spousal support, and a judgment entry dated May 1, 1995 ordered Nicholas to pay Kathleen $13,000 in spousal support arrearages. The court in that order decided that the spousal support award was not modifiable by the court.