JOURNAL ENTRY and OPINION
Three separate matters have been consolidated for purposes of appellate review arising from a judgment entered by the common pleas court which granted judgment on the pleadings in favor of Eli Lilly et al., manufacturers and/or distributors of a drug known as diethylstilbestrol (DES).
Two of those matters, Nancy Carr et al., v. Eli Lilly Company, et al., known as Case No. 75678, and Patricia Ruth v.Eli Lilly et al., known as Case No. 75680 had been filed in Cuyahoga County, and the other, Louise Abrams et al., v. EliLilly Company et al., known as Case No. 75679, originated in Summit County and had been transferred to Cuyahoga County and consolidated with the others for judicial consideration. In their complaints, the appellants alleged that DES had been unreasonably dangerous to pregnant woman ingesting it, and to the fetuses carried by those women, causing sterility, partial or complete hysterectomies, breast cancer, birth of premature babies, and/or precancerous or atypical cervical cells. In each case, the complaints asserted products liability, negligence, breach of warranty and market share liability as a theory of recovery. Eli Lilly et al., claimed market share liability is not a viable theory of recovery in the State of Ohio. After careful review of the facts in these cases and law, we have concluded that the Ohio Supreme Court has previously spoken on this issue and, therefore, we affirm the judgment of the trial court.
The record before us reveals that DES is a form of synthetic estrogen that gained widespread use in the early 1940s. Its uses include hormone replacement during menopause, and the treatment of senile vaginitis. By the late 1940s, DES had also been used for the treatment of certain complications of pregnancy. Researchers in the early 1970s, however, discovered a high incidence of clear cell adenocarcinoma, a rare form of cancer, in women exposed to DES in utero. As a result, use of DES during pregnancy ceased. Because DES had not been patented, some two hundred to three hundred different drug companies produced DES in the years doctors prescribed it for use during pregnancy. Due to the long interval between DES use and manifestation of its effects a generation later and the large number of possible manufacturers, many DES plaintiffs experienced difficulty identifying the particular manufacturer of the drug taken by their mothers years earlier.
The appellants assert their claim for damages resulting from the use of DES but concede that they cannot identify any individual company which manufactured the DES alleged to have caused their injuries. Appellees moved for judgment on the pleadings pursuant to Civ.R.12(C), which the court granted, dismissing all pending claims.
The appellants now appeal addressing only the theory of market share liability, setting forth the following assignment of error for our consideration:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS TO DEFENDANTS-APPELLEES.
The appellants argue the trial court erred in granting the motions for judgment on the pleadings and in failing to recognize market share liability as a basis for recovery in Ohio.
The appellees maintain the trial court properly granted their motions for judgment on the pleadings in light of the decision inSutowski v. Eli Lilly (1998), 82 Ohio St.3d 347, holding that market share liability is not a basis for recovery in Ohio.
The issue then presented for our review concerns whether the trial court erred in granting the motions for judgment on the pleadings.
We begin our analysis of this issue with Civ.R. 12(C), which provides:
 After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.
The standard of review for matters involving a motion for judgment on the pleadings pursuant to Civ.R. 12(C) has been set forth in Case W. Res. Univ. v. Friedman (1986), 33 Ohio App.3d 347, where the court stated:
 A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. See also Vaught v. Vaught (1981), 2 Ohio App.3d 264. (citations omitted). The motion should be denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted. See also Slone v. Aerospace Design Fabrication, Inc. (1996), 111 Ohio App.3d 725.
Further, the court in Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, the court stated:
 When reviewing a Civ.R.12(C) motion, the trial court's inquiry is restricted to the material allegation contained in the pleadings, accepting all such allegations and reasonable inferences as true.
A reviewing court will reverse judgment on the pleadings if the appellant can prove any set of facts which will entitle it to relief. Gawloski, supra.
In Sutowski v. Eli Lilly Company, supra, the court stated in its syllabus:
 In Ohio, market-share liability is not an available theory of recovery in a products liability action.
The appellants here have asked this court to reverse the Sutowski
decision and recognize market share liability.
However, in State ex rel. Heck v. Kessler (1995), 72 Ohio St.3d 98, the court stated:
 It is axiomatic that the syllabus of an opinion issued by the Supreme Court of Ohio states the law of the case, and as such, all lower court in this state are bound to adhere to the principles set forth therein.
Further, in World Diamond, Inc. v. Hyatt Corp. (1997), 121 Ohio App.3d 297, the court stated:
 All trial courts and intermediate courts of appeals are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decisions.
During oral argument before this court, appellants contended that since the Sutowski decision, the law in the State of Ohio regarding market share liability has been changed. Counsel referred to State of Ohio ex rel. Betty D. Montgomery v. PhilipMorris Inc., et al.; Biddle et al., v. Warren General Hospital etal. (1999), 86 Ohio St.3d 395 (holding an independent tort exists for unauthorized, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship), Johnson v. BPChemicals, Inc. (1999), 85 Ohio St.3d 298 (holding statute regulating claims against employers for intentional torts was unconstitutional in its entirety) and State ex rel. Ohio Academyof Trial Lawyers et al. v. Sheward (1999), 86 Ohio St.3d 451
(holding so called tort reform legislation through which General Assembly sought to reenact provisions previously held unconstitutional by Supreme Court, usurped judicial power in violation of doctrine of separation of powers, and violated one-subject rule of State Constitution, and was unconstitutional.)
None of these cases refer to market share liability and none of them contravene the syllabus in Sutowski, and therefore we are not persuaded by these cases.
Accordingly, our review reveals the trial court followed the mandate of the Supreme Court and dismissed these claims. We are likewise constrained to follow the law as determined by the Supreme Court in Sutowski. Therefore, we conclude that the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J. and JOHN T. PATTON, J., CONCUR
 _________________________ PRESIDING JUDGE TERRENCE O'DONNELL