OPINION
Plaintiff-appellant Patricia J. Bachelder [hereinafter appellant] appeals from the December 28, 1999, Judgment Entry of the Morrow County Court of Common Pleas terminating defendant-appellee Brian Leroy Bachelder's [hereinafter appellee] obligation to pay spousal support to appellant.
 STATEMENT OF THE FACTS AND CASE
The parties were married on June 5, 1985. However, on May 15, 1996, the parties were divorced when the trial court issued an Agreed Journal Entry/Decree of Divorce. The Journal Entry incorporated a Separation Agreement. Pursuant to the Decree of Divorce and Separation Agreement, appellee was ordered to pay appellant spousal support of $2,000.00 per month, beginning May 1, 1996, for 48 consecutive months. The Separation Agreement included a clause that stated that the trial court shall not retain jurisdiction to modify spousal support. Appellant remarried on May 6, 1999. After the remarriage, appellee discontinued his spousal support payments. On June 22, 1999, appellant filed a Motion in Contempt/Notice to Show Cause claiming that appellee was in contempt for failure to comply with the trial court's previous order of spousal support. A hearing on the Motion was held before a Magistrate on August 19, 1999. On September 10, 1999, the Magistrate filed a Magistrate's Proposed Decision/Findings of Fact and Conclusions of Law which found that appellee's obligation to pay spousal support terminated upon appellant's remarriage. On October 8, 1999, appellant filed Objections to the Magistrate's Decision. The trial court held a hearing on the Objections on December 27, 1999. In a Journal Entry filed December 28, 1999, the trial court found that "the Magistrate has made findings that are sufficient for the court to independently analyze the issues presented and apply appropriate rules of law. Plaintiff's objections are not well taken and are, therefore, overruled." The trial court found that appellee's obligation to pay spousal support terminated upon appellant's remarriage on May 6, 1999. It is from the December 28, 1999, Journal Entry that appellant appeals, raising the following assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN TERMINATING DEFENDANT'S SPOUSAL SUPPORT OBLIGATION TO PLAINTIFF UPON THE PLAINTIFF'S REMARRIAGE DURING THE FIRST FOUR YEARS FOLLOWING THE DIVORCE UNDER THE AUTHORITY OF WHALEN V. WHALEN (1994 Ohio App. Lexus 3846, 5th Dist.Ct.App. Stark 8-24-94) [SIC]
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN TERMINATING DEFENDANT'S SPOUSAL SUPPORT OBLIGATION TO PLAINTIFF WHEN THE PARTIES SEPARATION AGREEMENT WHICH HAD BEEN INCORPORATED INTO THE FINAL DECREE OF DIVORCE SPECIFICALLY DEVESTED [SIC] THE TRIAL COURT OF CONTINUING JURISDICTION TO MODIFY SPOUSAL SUPPORT.
 I
In the first assignment of error, appellant argues that the trial court erred when it terminated appellee's spousal support obligation due to appellee's remarriage. We disagree. In terminating the spousal support, the trial court relied upon this court's decision in Whalen v. Whalen (Aug. 24, 1994), Stark App. No. 1994-CA-0001, unreported, 1994 WL 477825. In turn, Whalen relied upon the Ohio Supreme Court decision of Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, 560 N.E.2d 171. In Dunaway, the Court stated: Where a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries.
Id. at syllabus. In reaching this holding, the Ohio Supreme Court reasoned that when parties marry, they assume mutual financial obligations to support each other. The court concluded that, as a matter of public policy, "[t]o hold a first spouse responsible for continued support of a former spouse who has remarried is tantamount to imposing a legal obligation to support another couple's marriage." Id. at 232. Appellant argues that the mandates of the Supreme Court predate the restrictions imposed on the trial court's ability to terminate spousal support obligations in such situations as presented here. Appellant argues that R.C. 3105.18(E), as amended and effective May 2, 1986, mandates that a trial court must specifically reserve jurisdiction in its Journal Entry in order to modify a spousal support award. In the case sub judice, the Separation Agreement, which was incorporated into the final Judgment Entry of the trial court, states that the court shall not retain jurisdiction to modify spousal support. We agree that Dunaway did not involve the amended version of R.C. 3105.18(E). In Dunaway, the parties were granted a divorce on June 24, 1977. The amended version of R.C.3105.18(E) only applies to continuing orders for periodic payments of money as alimony or spousal support if the divorce or dissolution is determined on or after May 2, 1986. Therefore, in Dunaway, the previous version of R.C. 3105.18(E) was applicable. However, while the amended R.C. 3105.18(E) is applicable to the case sub judice, we find that the public policy, as outlined in Dunaway, supra, is equally applicable after amendment of R.C. 3105.18(E). See Whalen, supra. In Whalen, this court applied Dunaway to a case in which the amended version of R.C. 3105.18(E) was applicable. Pursuant to the guidance of Dunaway and Whalen, had the parties intended for spousal support to continue after the remarriage of the obligee, the parties could have expressly provided in the Separation Agreement that spousal support would continue upon remarriage of the recipient, in contravention of public policy. Appellant also argues that the "spousal support" was in actuality a property settlement, and as such, was not subject to modification. See R.C. 3105.171(I). Appellant argues that the trial court, in finding that the payments were spousal support, ignored that at the time the parties entered into the separation agreement there was a "huge disparity in income between the parties", the spousal support was for a sum certain and the wife could not seek an increase nor could the husband request a decrease in the support payments because the trial court did not retain jurisdiction to modify spousal support. Appellant's Merit Brief, pg. 5. Appellant cites this court to other courts of Ohio which have found that time limited spousal support awards are a form of property settlement despite denomination as spousal support. See McClosky v. Nelson (1994), 94 Ohio App.3d 746 (discussing Dailey v. Dailey (1960), 171 Ohio St. 133 and Vaught v. Vaught (1981),2 Ohio App.3d 264) . However, in Whalen, this court looked at the "four corners of the Separation Agreement" to determine if a time limited support award was spousal support or was a property division. Upon review of the four corners of the Separation Agreement, we find that the payments in question were spousal support, not a property division. The Separation Agreement included the following paragraph: 7. SPOUSAL SUPPORT: (a) Husband to pay wife as and for spousal support the amount of $2,000.00 per month beginning May 1, 1996, and running for 48 consecutive months. Said support shall be paid through the Morrow County Child Support Enforcement Agency with proper poundage through bank accounts withholding. The court shall not retain jurisdiction to modify spousal support. (Original emphasis) The Separation Agreement is unambiguous. The Separation Agreement reflects that the parties made specific agreements as to property settlement and spousal support and the payments in question were an agreement as to spousal support. The payments in question are in a distinct section of the agreement and identified as "spousal support." Property division is addressed in a distinct and different section of the Agreement and clearly identified as such. Further, we note that the agreement does not contain a balance sheet or other property valuations to allow this court to review the division of property to consider whether the spousal support payments, totaling $96,000.00 were necessary to make the property division equitable, nor does the appellant delineate that argument. Therefore, based upon the four corners of the separation agreement, we find the payments in question to be spousal support and not part of the property settlement. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the Separation Agreement specifically divested the trial court of continuing jurisdiction to modify spousal support. As referred to in Assignment of Error I, the Separation Agreement included the following language: "The court shall not retain jurisdiction to modify spousal support." However, we find that this language did not divest the court from terminating spousal support upon the remarriage of appellant. We agree with appellant that the language in the Separation Agreement barred appellant or appellee from motioning the trial court for a modification of spousal support due to a change of circumstance. However, in Dunaway,53 Ohio St.3d 227 at 230, the Ohio Supreme Court noted that the termination of spousal support upon remarriage was not a "change of circumstances" as that term is applied when remarriage of a spouse is not an issue. We find that unless the parties expressly declare that the spousal support payments are to continue after the remarriage of the recipient, pursuant to Dunaway, supra, and the public policy it delineates, the trial court has the jurisdiction to terminate spousal support upon remarriage of the recipient. See Wahlen, supra. Appellant's second assignment of error is overruled. The judgment of the Morrow County Court of Common Pleas is affirmed.
Edwards, J. and Milligan V. J. concur. Hoffman, P.J. dissents.
Hoffman, P.J. dissenting
I respectfully dissent from the majority opinion. I find the public policy argument relied upon by the Ohio Supreme Court in Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, must yield to the subsequent, clear pronouncement of public policy made by the Ohio Legislature in the amended version of R.C. 3105.18(E). As such, I disagree with this Court's previous decision in Whalen v. Whalen (Aug. 24, 1994), Stark App. No. 1994CA0001, unreported.