Chittenden, J.
This is a proceeding in error from 'a decree of the common pleas court awarding alimony to the defendant in error. The case was tried upon the amended petition and an amendment and supplement to the amended petition of the plaintiff, George W. Albert, and the answer thereto of the defendant, Mary A. Albert. The prayer of the plaintiff was for divorce and alimony. The court found from the pleadings and evidente that certain property described in the journal entry was acquired by the parties during coverture and paid for from the earnings of the plaintiff, and that *157 title was taken in the name o£ the defendant. The court further found that the plaintiff was not entitled to a divorce, and his prayer for that relief was denied. It was further found that the parties are living separate and apart; that the plaintiff is totally blind; and that the defendant has refused to live with or care for the plaintiff. The entry thereupon recites that the plaintiff is entitled to alimony from the said defendant and that the defendant should convey to the plaintiff as and for alimony an undivided one-half of all the real estate. The decree further provides _ that the defendant shall execute a conveyance to the plaintiff for such undivided one-half interest and that upon her failure so to do the decree shall operate as such conveyance. To all of which findings and decree, the defendant excepted. No bill of exceptions is filed in this court, and the only question submitted for decision may be stated as follows: ■ .
Where a husband files a petition for divorce and alimony, and upon trial the court refuses to grant a divorce, can a decree for alimony be awarded to the husband?
This requires an examination of the statutes relating to that subject. '■ The decree is said to be' based upon the provisions of Section 11992, General Code, which reads as follows:
“When it appears to the court that the husband is the owner of little or no property and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband such share of her real-or personal property, or both, or may decree to him such sum of money out of her estate, payable in gross or by installments, as it deems *158 just, having due regard to all the circumstances of the parties.”
This section by its terms seems to be ample authority for the granting of the relief given in this case, but plaintiff in error contends that it is not applicable to a situation such as is disclosed by the record. Attention is called to the fact that the section just cited was a part of Section 5699, Revised Statutes, which section, by the adoption of the General Code, was divided into three sections and numbered 11990, 11991 and 11992. That part of the section of the Revised Statutes now found in Section 11992 was an amendment to Section 5699, Revised Statutes, passed by the general assembly May 19, 1894, 91 Ohio Laws, 348. Prior to this amendment there was no provision for the granting of alimony to a husband when a divorce was granted to the wife upon the aggression of the husband.
Reliance is had upon the case of DeWitt v. DeWitt, 67 Ohio St., 340, and attention is called to the language of the court in the decision of that case, found on page 353, a portion of which we quote:
“The amendment, if taken unqualifiedly, is contradictory to the earlier part of the section, and if the defendant desires to avail himself of its provisions, he should have made a case justifying its application. The purpose of the amendment probably is. to place the erring. husband in a position respecting property akin to that given ■ an erring wife by the succeeding section, but the language is less general and noticeably more guarded.”
*159 In the above case a divorce had been granted to the plaintiff upon the aggression of the husband, so that the exact question now under consideration was not before the court. It appears from an examination of that case that the husband was possessed of considerable means at the time of the decree, and we have no doubt that what the court meant by the language, “and if the defendant desired to avail himself of its provisions, he should have made a case justifying its application,” was that he had not shown to the trial court that he was the owner of little or no property and that his wife was the owner of lands or personal estate. This ease is in no way decisive of the one at bar.
The origin of the doctrine of alimony, as stated in 14 Cyc., 743, is based upon the common-law obligation of the husband to support his wife, which is not removed by divorce obtained by her for his misconduct. As stated by Judge Davis in Fickel et al. v. Granger, 83 Ohio St., 101, on page 106:
“Alimony is an allowance for support, which is made upon considerations of equity and public policy. * * * It is based upon the ’ obligation, growing out of the marriage relation, that the husband must support his wife, an obligation which continues even after a legal separation without her fault.”
Many other cases might be cited showing that the courts have ever recognized that the doctrine of alimony rests upon either the common-law or the statutory obligation of the husband to support the wife. It is unnecessary to review the history of the legislation of this state whereby the rights of married women have been gradually enlarged *160 until they have for some years had the same prop-, erty rights as a feme sole. After having established this status, it was further provided by an act of the general assembly, Section 7995, General Code: “Husband and wife contract towards each other obligations of mutual respect, fidelity, and support.” Section 7997, General Code, provides that “The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.” By the first of the above-cited sections husband and wife mutually contract for each other’s support. By the latter section the duty of support is placed primarily upon the husband, but with the obligation upon the wife to assume her contractual burden in case of his disability. In view of their legal status as thus established, every reason exists why the right of the husband to the support of his wife, under the conditions named in the statute, should be enforced by legal proceedings. We do not have before us the question as to whether or not a husband can begin and maintain an action for alimony alone, as no such case is presented by the pleadings, for in this case the action, as has been stated, was for divorce and alimony.
If we examine Section 5699, Revised Statutes,. as it is insisted we must do in order to correctly construe Section. 11992, General Code, we find that the amendment begins with these words, “But in any case” when it appears to the court, that the husband is the owner of but little or no property, etc. It is significant that the amendment did not read “But in any case when a divorce is granted.” *161 We think it an entirely reasonable construction of ' the section of the Revised Statutes that it was intended by the legislature to empower the court, in any case — that is, any case in which a divorce was sought — to grant alimony to the husband if the facts and circumstances required it. We find that when it came to codifying the laws of Ohio this section was divided into three separate sections, and that the legislature adopted the code with these three sections standing as independent sections. We are of opinion that one of the purposes in doing this was to make the intent of the legislature with reference to the granting of alimony to a. husband • more clear and definite. I The General/' Code is to be construed in the form in which it is ¡ now found. While it is often proper and perhaps necessary to trace the history of legislation and to examine the original form of a law to ascertain the true intent and meaning and to properly construe it, yet the form of the statute as it existed prior to the codification is not necessarily controlling. From State v. Toney, 81 Ohio St., 130, we quote the language of Judge Spear, beginning on page 139, as follows:
“Nor is it accurate to treat the change in the statute as the work of the codifying commission. Their codification was submitted to, considered by, and adopted by the law making body of the state, the general assembly. It should not receive any less respect because the change may have been • recommended by three commissioners learned in the law instead of being proposed in the first instance by some single member of the general assembly, and after all is said, the ■ enactment re *162 ceives its vigor and force as law by reason of its enactment by the general assembly, no matter from what source the inspiration came.”
We .are unable to hold that the operation of Section 11992, General Code; is limited by Section 11990, and that a husband can not be awarded alimony unless a divorce is granted to the wife because of his aggression. If the legal duty devolves upon the wife to support the husband when she is able to do so, and he is disabled, and if that right can be enforced upon the granting to her of a decree for divorce, it would seem by every rule of logic and common sense that she would certainly be required to furnish such support while the marriage is still in force.
We are strengthened in our view of the plain intent of the legislature, in providing by Section 11992, General Code, for the granting of alimony to a husband, by a consideration of Section 11994, which provides, in substance, that the court may grant temporary alimony to either the husband or wife “during the pendency of the action for divorce, or alimony alone.”
An examination of the legislation to which attention has been called plainly shows that the legislature attempted to give a husband and a wife equal property rights, and to impose upon them mutual obligations, and to furnish means for the enforcing of those obligations, and we think that the court had the power to make the decree to which error is prosecuted.
Aside from all questions of the power of the court to grant the relief that it did as alimony, and by virtue of the statutory enactments relating to *163 that subject, a majority of the court are of opinion that with the record as we find it-^-that is .to say, upon an examination of the pleadings and the finding and decree of the court, there being no bill of exceptions presenting the evidence — the decree may be and should be sustained upon an additional ground. Sections 7995 and 7997 quoted above impose the positive legal duty upon the wife to support or.assist in the support of the husband when he is unable to support himself. The circuit court of Pike county, in Hickle v. Hickle, 6 C. C., 490, held that under these statutes a husband might compel his support by the wife regardless of any right to maintain an action for alimony alone. The court made an exhaustive examination of the cases bearing upon'the subject, and entered a decree in favor of the husband, requiring the wife to support him. • x
The decree in the case at bar was evidently not based upon the sections quoted above, for the decree in this case is that the plaintiff is entitled to alimony, and the defendant is ordered to convey to the plaintiff an undivided one-half interest as and for alimony. In view of the fact that the petition contained all of the allegations necessary to present a case compelling the wife to furnish support to her husband, we deem it immaterial that the trial court denominated the award as alimony. The character of the allowance is not changed by the fact that in the decree it is designated as alimony. Kelso v. Lovejoy et al., 9 C. C., N. S., 539, affirmed without opinion, 76 Ohio St., 598, and Webster v. Miller, 18 C. C., N. S., 272, affirmed without opinion, 83 Ohio St., 473.
*164 The decree is in this court attended by every presumption of its regularity and correctness, and the burden is upon the plaintiff in error to show prejudicial error. This she has failed to do.
The court, while not in entire accord on grounds for affirmance, is unanimous in its conclusion that the judgment should be affirmed.

The decree will he affirmed.

Ricpiards and Kinkade, JJ., concur.