OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Gretchen M. Campola, has appealed a decision by the Lake County Common Pleas Court, Domestic Relations Division, filed January 30, 1997, overruling her objections to the magistrate's decision and denying her motion for lump sum judgment and attorney fees. Appellant has timely filed a notice of appeal.
Appellant and appellee, Richard E. Campola, were divorced on May 13, 1991, in Pinellas County, Florida. The final judgment of divorce provided, in pertinent part:
 "The Husband shall pay the sum of Five Hundred ($500.00) Dollars per month to the Wife commencing May 15, 1991, and on or before the 15th day of each month thereafter, for a total period of five (5) years. For tax purposes the amounts shall be broken down Two Hundred Fifty ($250.00) Dollars as to child support and Two Hundred Fifty ($250.00) Dollars as to rehabilitative alimony. At such time as the child support obligation from the Husband to the Wife shall terminate, either by virtue of emancipation of said child, attainment of majority, or that the child is living with the Husband, the amount attributed to child support shall automatically be attributable to alimony, resulting in the Wife receiving Five Hundred ($500.00) Dollars per month for a total of five (5) years. The alimony shall be non-modifiable rehabilitative alimony."
Subsequently, both parties moved to Lake County, Ohio, and appellant requested that jurisdiction be transferred to Lake County. On May 17, 1994, the trial court granted appellant's request subject to the Florida court relinquishing jurisdiction, which it did.
On June 28, 1996, appellant filed a motion to show cause, motion for lump sum judgment, and motion for attorney fees. Appellant contended that once she remarried on August 22, 1992, appellee stopped paying alimony, and that she was entitled to a lump sum judgment of $23,194.00. Subsequently, appellant voluntarily dismissed without prejudice her motion to show cause, and the matter proceeded to a hearing before a magistrate on October 21, 1996. On December 5, 1996, the magistrate issued her decision recommending a denial of appellant's motion for lump sum judgment and motion for attorney fees.
The magistrate's decision was based upon two reasons. First, the magistrate relied on Ohio law and, specifically, Dunaway v.Dunaway (1990), 53 Ohio St.3d 227, for the proposition that it is the primary responsibility of the present husband to support his spouse pursuant to R.C. 3103.03 and, therefore, once appellant remarried, appellee no longer had to pay spousal support. Second, the magistrate stated, in part:
 "The Journal Entry of Divorce out of Pinellas County Florida is very clear that the defendant owes child support for the child Jennifer at the rate of $250.00 per month effective 5/15/91 and continuing for a total period of 5 years unless the child support terminated prior to that time by emancipation of said child's attainment of majorty [sic], or that the child is living with the husband. The Magistrate did not receive any testimony regarding the above facts. However, the Magistrate has an additional problem in that the plaintiff did not testify to or submit as evidence any records of payments received by the defendant[1] nor the amounts of the payments or the breakdown of the payments as being child support and/or rehabilitative alimony. In fact in the closing remarks, [appellant's counsel] states that part of the amount requested in the motion includes a health insurance premium that the plaintiff paid because the defendant failed to do so. The Magistrate was not given any breakdown of payments received by the defendant nor the breakdown of the lump sum amount requested. The magistrate can not issue a lump sum judgment for an arbitrary amount. Without credible evidence or testimony as to the amounts paid and the characterization of the payments, the magistrate can not award a lump sum judgment." (Emphasis added.)
On December 13, 1996, appellant filed timely objections to the magistrate's decision. Appellant claimed that the magistrate erred in finding that $250.00 of the $500.00 monthly payment was for child support since the judgment entry stated that $250.00 would be allocated toward child support "for tax purposes." Appellant also asserted that the magistrate erred by failing to distinguish sustenance alimony from non- modifiable rehabilitative alimony. No transcript was attached to appellant's objections.
On January 30, 1997, the trial court overruled appellant's objections and adopted the magistrate's decision without modification. On appeal, appellant has raised a single assignment of error. Appellant claims that the trial court erred in denying the enforcement of a non-modifiable rehabilitative alimony award for a fixed period of time.[2]
While the trial court denied appellant's motion for lump sum judgment on two grounds, in essence, appellant has only challenged one of the findings, namely, that the court should have held that non-modifiable rehabilitative alimony does not terminate upon remarriage of the beneficiary. Even if appellant's assertion is correct, however, it is clear that the trial court also denied appellant's motion due to a failure to provide sufficient evidence to support her claim.
Once the motion to show cause was voluntarily dismissed and the case proceeded on appellant's motion for lump sum judgment, appellant had the burden of establishing exactly what she was owed by appellee. The magistrate specifically found appellant failed to meet her burden by not providing any type of breakdown of payments received or breakdown of the lump sum amount requested. Additionally, the magistrate found that although appellant's counsel made reference to the fact that a health insurance premium was included in the lump sum award sought due to appellee's failure to pay this premium, there was no evidence presented on this item.
When appellant filed objections to the magistrate's report, she failed to include a copy of the transcript of proceedings from the hearing held by the magistrate. Pursuant to Civ.R. 53(E)(3)(b), if a party wants to object to a magistrate's decision with respect to issues of fact, that party must provide the trial court with a transcript of all evidence relevant to that fact. Clearly, whether or not appellant adequately proved her case is a question of fact that would require a review of the transcript. Without a transcript, the trial court could adopt the magistrate's decision regarding appellant's failure to provide evidence to support her claim. While pursuant to Civ.R. 53(E)(4)(a) the trial court may reject the magistrate's decision even if no objections are filed if it determines that there is an error of law or other defect on the face of the magistrate's decision, in the present case, such were not the circumstances.
Accordingly, since one of the grounds for the magistrate's decision, which was subsequently adopted by the trial court, has never been properly challenged, this court affirms the trial court's decision. Appellant has failed to demonstrate that the trial court erred in denying appellant's motion for lump sum judgment and motion for attorney fees. Appellant's sole assignment of error is without merit.
The judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, JUDGE.
FORD, P.J., and CHRISTLEY, J., concur.
[1] It is clear that the magistrate's reference to the defendant here is in error as it would be the plaintiff who would have received payments.
[2] Appellant implies in her brief that the trial court should have followed Florida law rather than Ohio law. Since the divorce decree was obtained in Florida under Florida law, we believe that the Ohio court should have used Florida law, however, this is a moot point based upon our analysis of this appeal.