OPINION
Jon J. Yeazel is appealing from the judgment decree of divorce from his former wife, Sandra K. Yeazel[1] granted by the Common Pleas Court of Clark County, Domestic Division, after a long and contentious divorce proceeding. Indeed, as the court noted in its judgment entry, the divorce required several separate days of testimony and entered into evidence two video depositions. The court awarded spousal support to Sandra, divided their property, and awarded attorney's fees to Sandra, all of which are being contested by Jon, in the following four assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING AN UNREASONABLE AMOUNT OF SPOUSAL SUPPORT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING THE DURATION OF SPOUSAL SUPPORT.
 III. THE PROPERTY DIVISION WAS INEQUITABLE AND WAS AN ABUSE OF DISCRETION.
 IV. AWARDING ATTORNEY'S FEES TO APPELLEE WAS AN ABUSE OF THE COURT'S DISCRETION.
We will deal with these assignments not necessarily in the order presented but in a manner which facilitates our analysis. At the outset, we must note that certainly some of the findings and conclusions of law drawn by the court probably were somewhat influenced by the court's judgment of the defendant-appellant's character and testimony. In fact, the court noted in its judgment decree that "the Defendant herein has been guilty of adultery." Doc. 36, 2. The court also stated: "The court specifically notes that the defendant's testimony throughout a vast majority of this case has not only lacked credibility, it has consistently bordered on the line of being perjuries [sic] in nature." Doc. 36, 16.
As to the amount of spousal support (assignment number one), the court very carefully and exhaustedly considered each factor set forth by the General Assembly in Revised Code 3105.18(C)(1)(a) through (n). Among the items cited was a much higher income, both present and expected in the future of the defendant over the much lower income of the plaintiff; that the plaintiff has significant physical problems which will necessitate a third surgery in her future; and "in addition, the plaintiff herein is seeing a counselor at Positive Perspectives three times per month to assist her in dealing with the Defendant's on-going affairs with another woman in the course of the parties' marriage." Doc. 36, 17. Also, the defendant is younger than the plaintiff and is "in reasonably good health." Id. The court concluded its analysis as to his spousal support as follows:
 The Court does find, from the evidence, that taking into account the property division set forth hereinbefore, the allocation of debts as set forth hereinbefore; the distribution of respective pension benefits as set forth hereinbefore; the equitable goal of spousal support; the needs of the Plaintiff herein; the mitigation against abrupt changes in lifestyle and the ability of the Defendant herein to pay; spousal support is warranted.
The court then awarded support in the sum of $400 per week for a period of seven years.
In spite of the appellant's protestations, we cannot find that the amount of the spousal support award demonstrates an abuse of discretion by the trial court.
The first assignment of error is overruled.
Turning now to the division of property (assignment number three), the appellant questioned four specific parts of the award. He maintains that the court's evaluation of the 1954 Oldsmobile was excessively high. Secondly, he maintains the court ignored an entire section of defendant's suggested property award as an exhibit presented to court. He maintains that a particular debt for the residence awarded to the appellee was unfairly allocated to him for payment. Finally, he maintains that the court "unreasonably and unfairly failed to include a marital debt in the property division." Appellant's brief, 9.
After awarding three vehicles to the appellant with a net total value of $14,200, and one vehicle to the appellee with a net total value of $0, the court turned to the 1954 Oldsmobile Rocket 88 and found "from the credible evidence, that the present market value for said vehicle is $34,000," with no lien upon it. Doc. 36, 9. The appellant argues that the $34,000 figure was based upon two appraisals, one in writing and one produced in a deposition submitted by Sandra, whereas he presented a witness who testified as to his personal knowledge that the vehicle was worth $18,500. However, the appellee points out that the appellant himself testified he would not sell the vehicle for even $150,000. November 18, 1999, Tr. 79. Then he was asked at the hearing:
 Q. You've not seen a better 1954 Oldsmobile than this convertible, have you?
A. No.
 Q. In fact, it's your belief that there is no other car in the United States exactly like yours, model — — year, make and model that's any nicer than yours, right? Yours is the best?
 A. That's a personal observation of that vehicle.
 Id., 80.
Finally, as the appellee points out in her brief, appellant's appraisal witness developed a severe credibility problem. His background consisted of operating a used car lot that went out of business for lack of sales. Id., 232. He admitted that: "I'm not what you would call a bona fide Oldsmobile expert." Id., 235. The trial court obviously believed the appellee's experts, and we will not disturb its decision based upon credibility.
The appellant complains that in awarding certain household goods, equipment and supplies that were acquired in the course of the marriage (Id., 206), the court relied on an exhibit labeled number 5 presented by the appellee, and ignored exhibit W presented by the appellant, which appellant claims in his brief included things he had acquired after the marriage. The court's decision in this matter is as follows:
 The Court finds, from the credible evidence, that the parties hereto have lived separate and apart from each other since approximately February of 1999. The Court further finds, from the credible evidence, that it is both fair and equitable to award to the Defendant herein those items which are set forth in the document attached as "Plaintiff's Exhibit 5," which is made a part hereof in its entirety. In further consideration of the foregoing, the Court finds that it is both fair and equitable that each of the parties be awarded as their own, free and clear of any claims or interests of the other, all other household goods, appliances, furnishings and personal property remaining in their possession, except as set forth herein.
Doc. 36, 5.
The appellant argues that "the arbitrary and unreasonable nature [of the decision] is that all property which the Appellant brought into the marriage, which would be separate property, was not awarded to him by the Judge, while the marital property is awarded to the Appellee." Appellant brief, 11. We have examined both exhibits 5 and W, and we cannot understand the appellant's argument since exhibit 5 lists copies of those items listed in exhibit W that appellant claimed he owned before the marriage, and these are the very things that were awarded to appellant. Exhibit W does contain a section which lists items that were obtained during the marriage and does not appear to be included in plaintiff's exhibit 5. It does not seem unreasonable to award the appellant all his separate property, while leaving the miscellaneous tools and equipment acquired after marriage where they rest, whether in the possession of the appellant or the appellee, as the court ruled.
In his third argument against the property division, appellant complains that the court did not release him from the debt which appellant himself incurred in purchasing a heat pump for the marital residence, which was itself awarded to the appellee. In awarding the residence to the appellee, the court provided that the appellee had to save the appellant harmless from the first mortgage and the second mortgage (which together total more than the value of the house itself), "as well as all real estate taxes, insurances, utilities and other expenses serving the subject real estate." Doc. 36, 4. The ownership of the house as well as the mortgage obligations were responsibilities of both parties, and the appellant has been relieved of that considerable indebtedness. We fail to see the unreasonableness of letting the appellant continue to owe for the purchase of the heat pump, which debt was in his sole name.
Finally, the appellant claims that the debt he personally incurred in borrowing $7,065.50 (November 24, 1999, Tr. 74) should have been considered by the trial court as a marital debt, one-half of which should be paid by the appellee, since, as appellant testified, he used the money to pay off credit card accounts which were the joint responsibility of both parties. The trial court did not have to believe appellant's testimony. As it has already stated, it found much of his testimony not credible, and decided to simply award each party the debts that were in their own names. We find nothing unfair in said decision.
We find the trial court's decision with regard to division of properties to be entirely within its discretion. Thus, we find no abuse of discretion here and overrule the third assignment of error.
In his fourth assignment of error, the appellant claims that the award of attorney's fees to the appellee was an abuse of the court's discretion. Both parties have moved for attorney's fees incurred by the other party be awarded to them. The court in its judgment entry properly referred to R.C. 3105.18 (H) which provides that the court may award reasonable attorney's fees to either party at any stage of the proceeding . . . if it determines that the other party has the ability to pay the attorney's fees that the court awards and goes on to require the court to determine whether either party will be prevented from fully litigating that party's right and adequately protecting that party's interest if it is not awarded reasonable attorney's fees. The court then found "from the credible evidence, that the plaintiff herein is without the ability to pay plaintiff's attorney's fees," and that the defendant would not be prevented from fully litigating his right in protecting his interest if the court did not award him attorney's fees. Doc. 36, 23. The court denied the defendant's request for attorney's fees. The court then turned to the plaintiff's request, which included some attorney's fees which she incurred in another case, where the defendant was not a party. The court properly denied her request for the fees in that case. The court then found "from the credible evidence, that, taking into account the elements set forth hereinbefore, the plaintiff herein would have been prevented from fully litigating her rights in protecting her interest in this matter if the court does not award attorney's fees to her herein." Id., 24. He then proceeded to award her the attorney's fees and required the defendant to pay them on or before April 15, 2000. The defendant also complained about the allegedly short time frame for payment of the fees, but that issue is moot since the defendant paid them in time, as both parties acknowledge in their briefs. We cannot see an abuse of discretion on the part of the trial court in awarding attorney's fees in this matter, considering all the findings of fact which the court has set forth in its thorough twenty-five page judgment entry.
The fourth assignment of error is overruled.
We now turn to appellant's second assignment of error which argues that the court abused its discretion in deciding the duration of spousal support. We first note that appellant complains about the seven-year length of the spousal support, arguing that it is "the general accepted practice in this area to award one year support for every three years of marriage. The parties were married for approximately thirteen years, and yet the award was to last for seven years. There is no reason to extend the award past the accepted practice which in this case would be approximately four years." Appellant's brief, 8. We are not persuaded by this argument. There is no evidence in the record as to what the "generally accepted practice" in this area is, and we know of no rule that binds a trial court to whatever the generally accepted practice may be. We do not find seven years to be an unreasonable length for spousal support.
After awarding spousal support, the court added as follows:
 IT IS FURTHER ORDERED that the spousal support obligation of the Defendant herein shall not terminate upon the remarriage of the Plaintiff; the cohabitation of the Plaintiff with a person of the opposite sex with whom she is not married or otherwise related to; or upon the death of the Defendant, however, it is ORDERED that the Defendant's spousal support obligation shall terminate upon the death of the Plaintiff herein. It is further ORDERED that this Court shall retain jurisdiction over both the amount and term of spousal support ordered herein. Doc. 36, 21.
The appellant argues that the court committed error when it determined that the spousal support shall not terminate upon the remarriage of the plaintiff. The appellant is correct. It has been held that:
 Where a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries.
 Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, syllabus.
Following Dunaway, the Butler County Court of Appeals has held that a husband's obligation to make alimony payments terminated as a matter of law on the date his former wife remarried. Vonahlefeld v. Vonahlefeld (1993), 85 Ohio App.3d 220,222. It is clear that none of the three exceptions listed by the Supreme Court in Dunaway exist in the case before us, and upon remand the trial court will have to revise its entry to comport with the holding in Dunaway.
The second assignment of error is, therefore, sustained in part and overruled in part.
Except for the termination issue addressed above, the judgment of the trial court is affirmed, but reversed as to the failure to terminate spousal support upon remarriage, and the case is remanded for further proceedings consistent with this opinion.
 __________________________ FREDERICK N. YOUNG, J.
GRADY, P.J. and FAIN, J., concur.
[1] In the interest of clarity, the parties will hereinafter be referred to by their first names.