OPINION
Appellant, Mike Kimble, and appellee, Charlotte Kimble, were married on April 1, 1976. On January 14, 2000, the parties were divorced. Within the judgment decree of divorce, the trial court provided for spousal support to appellee in the amount of $150.00 per week for six years. The trial court did not retain jurisdiction over the award.
Approximately eight months after the filing of the decree of divorce, appellee remarried. On September 20, 2000, appellant filed a motion to terminate spousal support. A hearing before a magistrate was held on September 28, 2000. By decision filed November 21, 2000, the magistrate granted the motion and terminated spousal support.
On December 5, 2000, appellee filed objections to the magistrate's decision. By judgment entry filed April 11, 2001, the trial court overruled the magistrate's decision and declined to terminate the spousal support award.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I A TRIAL COURT ACTS IN CONTRAVENTION OF PUBLIC POLICY WHEN IT FAILS TO TERMINATE SPOUSAL SUPPORT WHEN THE RECIPIENT OF THAT SUPPORT REMARRIES.
 I
Appellant claims the trial court erred in failing to terminate spousal support in light of appellee's remarriage. We agree.
In the judgment entry decree of divorce filed January 14, 2000, the trial court stated the following regarding spousal support:
 The Court has reviewed the factors set forth in section 3105.18(C)(1)(a) through (n) regarding the issue of spousal support and determines that an award of spousal support is appropriate. It is therefore ORDERED that the Defendant shall pay the Plaintiff the sum of $150.00 per week plus processing charge for a period of six years following the filing of this Judgment Decree of Divorce, plus 2% processing charge, through a wage deduction at his place of employment as and for spousal support. The Court shall not retain jurisdiction over this issue.
The decree of divorce was silent as to continued spousal support in the event that appellee remarried. After appellee remarried, appellant filed a motion to terminate spousal support. In its decision filed November 21, 2000, the magistrate terminated the spousal support award on the authority of Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, wherein the Supreme Court of Ohio held the following at syllabus:
 Where a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries.
The magistrate noted "that since this is accomplished through the operation of the law and not by way of a modification request that the failure to retain jurisdiction by the court on this issue does not present an obstacle to the defendant's request."
In overruling the magistrate's decision, the trial court held the following:
 The Court has reviewed the Magistrates (sic) Decision and all other evidence contained in the Court file. The Court finds that the Divorce Decree did not contain any language reserving jurisdiction to modify spousal support. If (sic) fact, the Divorce Decree expressly provided that the Court was not reserving jurisdiction to modify spousal support.
 Based on the directives contained in revised Code 3105.18, the Court finds that the Defendant's motion to terminate spousal support, due to the remarriage of the Plaintiff is not well taken and is overruled.
See, Judgment Entry filed April 11, 2001.
R.C. 3105.18 relied upon by the trial court states in pertinent part the following:
 * * * if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
Appellant argues the Dunaway case is applicable sub judice. Appellee argues R.C. 3105.18(E), as amended and effective May 2, 1986, is controlling.[1]
In Whalen v. Whalen (August 22, 1994), Stark App. No. 1994CA0001, unreported, this court examined a spousal support award in light of the obligee's remarriage. The trial court had not retained jurisdiction over the award, but held a hearing and determined the remarriage did not terminate the spousal support obligation. In reversing this decision, this court relied upon the Dunaway case, noting the spousal support award was unrelated to property settlement and child support. As a result, this court found "the authority contained in Dunaway mandates a finding that appellant's spousal support obligation terminated upon appellee's remarriage."
Admittedly, although the Whalen case was subject to R.C. 3105.18 as amended, the court did not address the statute. However, in Bachelder v.Bachelder (January 29, 2001), Morrow App. No. CA902, unreported, this court examined the Dunaway case vis a vis R.C. 3105.18(E). In Bachelder,
the trial court had not retained jurisdiction over the spousal support award, but held a hearing and determined the obligee's remarriage necessitated the termination of the obligation. In affirming this decision, this court relied upon the Whalen reasoning which in turn had relied upon Dunaway. In discussing R.C. 3105.18(E), the Bachelder court at 5 held "while the amended R.C. 3105.18(E) is applicable to the casesub judice, we find that the public policy, as outlined in Dunaway,supra, is equally applicable after amendment of R.C. 3105.18(E). SeeWhalen, supra." In addressing the obligee's argument that the trial court did not have jurisdiction to terminate the spousal support award because it had not retained jurisdiction to do so, the Bachelder court concluded the following at 7-8:
 We agree with appellant that the language in the Separation Agreement barred appellant or appellee from motioning the trial court for a modification of spousal support due to a change of circumstance. However, in Dunaway, 53 Ohio St.3d 227 at 230, the Ohio Supreme Court noted that the termination of spousal support upon remarriage was not a `change of circumstances' as that term is applied when remarriage of a spouse is not an issue. We find that unless the parties expressly declare that the spousal support payments are to continue after the remarriage of the recipient, pursuant to Dunaway, supra, and the public policy it delineates, the trial court has jurisdiction to terminate spousal support upon remarriage of the recipient. See Whalen, supra.
Based upon the well reasoned decisions of Whalen and Bachelder, we find the trial court erred in declining to terminate the spousal support obligation.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby reversed.
JUDGMENT ENTRY
This Court makes amendment to the listing of the attorneys in this matter on the cover page of the opinion. The appearances for the parties should be David L. Martin for Plaintiff-Appellee and Elizabeth N. Gaba for Defendant-Appellant.
It is so Ordered.
Hon. Sheila G. Farmer, J. Hon. Julie A. Edwards, P.J. concur. Hon. William B. Hoffman, J. dissents.
[1] While the Dunaway case was decided in 1990, the applicable version of R.C. 3105.18 in that case was the pre-May 2, 1986 version.