OPINION
Plaintiff-appellant, Wendi Wagoner, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating the spousal support obligation of defendant-appellee, Bruce Gerbl.
Wagoner and Gerbl were divorced on April 21, 2000. The parties entered into a separation agreement which was incorporated into the divorce decree. The agreement provided that Gerbl would pay spousal support to Wagoner for 24 months. The amount of the spousal support was $1,000 per month plus 25 percent of any bonuses Gerbl received from his employer for 2000 and 2001. The agreement provided that in the event of Wagoner's death, the spousal support obligation would terminate.
Wagoner remarried on July 29, 2000. Gerbl filed a motion to terminate spousal support based on Wagoner's remarriage. A magistrate issued a decision finding Gerbl's spousal support obligation was terminated by operation of law when Wagoner remarried. Wagoner filed objections to the magistrate's decision which were overruled by the trial court.
Wagoner now appeals the trial court's decision and raises the following two assignments of error:
Assignment of Error No. 1:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN RULING THAT SPOUSAL SUPPORT SHOULD TERMINATE BY OPERATION OF LAW ON THE DATE OF APPELLANT'S REMARRIAGE."
Assignment of Error No. 2:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN FAILING TO ALLOW HER TO OFFER EVIDENCE ON THE ISSUE OF WHETHER THE ALLOWANCE FOR SPOUSAL SUPPORT CONSTITUTED A PROPERTY SETTLEMENT."
Appellant first contends that the trial court erred by terminating the spousal support pursuant to Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, because the separation agreement did not provide continuing jurisdiction for the court to modify spousal support.
In Dunaway, the Ohio Supreme Court held that "[w]here a dependant divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries." Id. at syllabus.
Appellant contends that after the Dunaway decision, R.C. 3105.18(E)(2) was enacted and now prevents the trial court from terminating the spousal support obligation. This statute provides that a trial court does not have jurisdiction to modify the amount or terms of an award of spousal support unless the circumstances of either party have changed and the separation agreement authorizes the court to modify the terms or amount of the spousal support. Appellant argues that because the separation agreement did not provide for continuing jurisdiction, the trial court was without jurisdiction to terminate the spousal support award.
However, the court in Dunaway distinguished the situation in which a party receiving spousal support remarries from the situation in which a party seeks to modify spousal support by showing a change of circumstances. Id. at 230. Unlike a change of circumstances case, remarriage involves public policy considerations. The Ohio Supreme Court found that when parties remarry, they assume mutual obligations of maintenance and support, and to hold a first spouse financially responsible for continued support of a remarried spouse is "tantamount to imposing a legal obligation to support another couple's marriage." Id. at 232. The Dunaway court found that when a party remarries, the obligation to pay spousal support terminates by operation of law. See id at syllabus.
Thus, we find that the trial court was not required to reserve jurisdiction to terminate spousal support because the obligation terminated as a matter of law, and for public policy reasons, not pursuant to a change of circumstances as outlined in R.C. 3105.18(E)(2). See Bachelder v. Bachelder (Jan. 29, 2001), Morrow App. No. CA902.
Appellant next argues that if we determine that Dunaway applies, the trial court's decision was in error because the spousal support obligation was in the form of a property settlement. The trial court addressed this issue in its decision and found that the spousal support payments were not in the form of property distribution.
A review of the agreement and the testimony at the hearing supports the trial court's determination that the spousal support payments were not, in fact, property distribution. The provision for spousal support is labeled as such and is separate and apart from the division of property in the agreement. A review of the parties' testimony regarding the distribution of property in relation to the distribution of debt establishes that Wagoner received more than half of the assets. Because of the bonus percentages involved, the amount of the spousal support was for an indefinite amount. Finally, the obligation was to terminate on Wagoner's death. Given these facts, the trial court did not err in determining that the spousal support obligation was not part of the property division. See Bachelder. Appellant's first assignment of error is overruled.
In her second assignment of error, Wagoner contends that the trial court erred by refusing to allow her to offer evidence of the negotiations conducted by the parties and their respective attorneys in reaching the final separation agreement. Wagoner argues that this evidence would show that the spousal support provision was part of the property division. She attempted to question Gerbl's former attorney regarding these negotiations, but the trial court sustained objections to the line of questioning as outside the four corners of the separation agreement.
Because there was no ambiguity in the contract, the trial court did not err by refusing to allow evidence of the parties' intentions and negotiations when they entered into the contract. See Ed Schory Sons,Inc. v. Soc. Natl. Bank, 75 Ohio St.3d 433, 440, 1996-Ohio-194; Whalenv. Whalen (Aug. 22, 1994), Stark App. No. 1994-CA-0001. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.