OPINION
{¶ 1} Defendant-appellant Cathy Seiple Coveno fka Schumacher ("wife") appeals the
 {¶ 2} April 12, 2002 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which granted plaintiff-appellee John F. Schumacher's ("husband") motion to terminate spousal support, and overruling wife's motion to set aside magistrate's order.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Husband and wife were married on August 4, 1973 in Canton, Ohio. Two children were born as issue of said union, both of whom have reached the age of majority by the time the instant action commenced. On July 9, 1997, husband filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Wife filed a timely Answer and Counterclaim for Divorce.
 {¶ 4} The matter proceeded to final hearing on July 14, 1998. Via Judgment Entry filed August 25, 1998, the trial court granted the parties a divorce. The trial court incorporated and adopted the separation agreement entered into by the parties.
 {¶ 5} The separation agreement provided for spousal support as follows: "Spousal support payments * * * shall continue as long as the Husband is employed as President at Seiple Lithograph Company. The termination of Husband's employment as President of Seiple Lithograph Company, the sale of Seiple Lithograph Company, or the death of Husband or Wife shall immediately terminate Husband's obligation to pay spousal support.
 {¶ 6} "The amount of spousal support shall be calculated by utilizing the formula set forth below.
 {¶ 7} "* * *
 {¶ 8} "The amount of spousal support may be recalculated upon any change in Husband's or Wife's salary using the same formula. This formula for the calculation of spousal support is not subject to the continuing jurisdiction of the court, except, and only if, Husband resigns from Seiple Lithograph Company, the duration of, calculation of, and the payment of spousal support shall be subject to the continuing jurisdiction of the court."
 {¶ 9} Subsequently, on November 20, 2001, husband filed a Motion to Modify Spousal Support based upon a change in his gross annual income from Seiple Lithograph. The magistrate conducted a hearing on the motion on December 18, 2001. Via Magistrate's Order filed December 19, 2001, the magistrate ordered a temporary reduction of husband's current spousal support obligation. The magistrate scheduled the matter for further hearing. On February 15, 2002, husband filed a Motion to Terminate Spousal Support Payments based upon wife's remarriage. Wife filed a brief in opposition. The parties agreed to submit the issue on the respective briefs. Via Judgment Entry filed February 27, 2002, the magistrate ordered husband's spousal support obligation to wife be terminated as of the date of wife's remarriage. The magistrate found the Ohio Supreme Court's decision in Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, to be controlling. Wife filed a Motion to Set Aside Magistrate's Order on March 11, 2002. Via Judgment Entry filed April 12, 2002, the trial court approved and adopted the magistrate's decision.
 {¶ 10} It is from this judgment entry wife appeals, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN TERMINATING APPELLEE'S SPOUSAL SUPPORT OBLIGATION.
 {¶ 12} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT PROHIBITED THE INTRODUCTION OF PAROL EVIDENCE TO SHOW THE INTENT OF THE PARTIES REGARDING THE SPOUSAL SUPPORT PROVISION OF THE SEPARATION AGREEMENT."
 I {¶ 13} In her first assignment of error, wife contends the trial court erred and abused its discretion in terminating husband's spousal support obligation. Specifically, wife takes issue with the trial court's application of the Ohio Supreme Court's decision in Dunaway, supra. We agree.
 {¶ 14} In Dunaway, the Court stated: "Where a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless:(1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries." Id. at syllabus.
 {¶ 15} The Ohio Supreme Court reasoned, when parties marry, they assume mutual financial obligations to support each other. The Court concluded, as a matter of public policy, "[t]o hold a first spouse responsible for continued support of a former spouse who has remarried is tantamount to imposing a legal obligation to support another couple's marriage." Id. at 232.
 {¶ 16} The parties in Dunaway entered into their separation agreement prior to the effective date of amended R.C. 3105.18. R.C.3105.18(B) provides, in pertinent part: "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." R.C. 3105.18(E) requires a trial court to specifically reserve jurisdiction in order to modify a continuing order for periodic payments of spousal support. That section specifically provides: ". . . the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or support unless the court determines that the circumstances of either party have changed and unless one of the following applies: . . . (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 17} This Court has previously found the public policy announced in Dunaway to be equally applicable to separation agreements entered into after the amendment of R.C. 3105.18(E). See, Whalen v. Whalen (Aug. 24, 1994), Stark App. No. 1994CA0001, unreported; Bachelder v. Bachelder
(Jan. 29, 2001), Morrow App. No. CA902, unreported. However, upon revisiting the issue, we find the public policy argument relied upon inDunaway must yield to the subsequent, clear pronouncement of public policy made by the Ohio legislature in the amended version of R.C. 3105.18. The legislature's subsequent expression of the public policy for the State of Ohio supercedes that of the Ohio Supreme Court. The separation agreement in the instant action expressly provides for the termination of husband's spousal support obligation only upon one of three events: 1) the termination of husband as the President at Seiple Lithograph Company, 2) the sale of Seiple Lithograph Company, or 3) the death of husband or wife.
 {¶ 18} The separation agreement further provides for recalculation of husband's spousal support obligation upon any change in husband's or wife's salary. The agreement expressly divests the trial court of continuing jurisdiction, except in the event of husband's resignation from his employment.
 {¶ 19} The doctrine of expressio unius est exclusio alterius applies herein. Had the parties wished for termination or modification of spousal support upon the remarriage of wife, their agreement could have so provided. Likewise, the legislature only provided death, not remarriage, shall terminate spousal support unless the order expressly provides otherwise. Without a provision terminating spousal support upon remarriage in the decree itself and in the absence of an express provision in the separation agreement the court retains jurisdiction to modify spousal support in the event the recipient remarries, we conclude the trial court did not have jurisdiction to order termination of spousal support.
 {¶ 20} The Ninth District Court of Appeals has come to a similar result in a number of cases. We recognize these cases can be distinguished from Dunaway as those cases involved the payment of spousal support for definite periods of time. See, McClusky v. Nelson (1994),94 Ohio App.3d 746, 641 N.E.2d 807; Abramovich v. Abramovich (June 23, 1999), 9th District App. No. 19154. In McClusky, the Ninth District noted: "the 1991 amendment to R.C. 3105.18(B) added the language, `Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise.' * * * the fact that the legislature chose to provide a specific exception to the statute for the case of death of the obligor, but did not provide an exception for remarriage of the obligee, supports our finding that, under these circumstances, remarriage of the obligee does not automatically terminate the obligor's duty to pay the alimony, as provided in the parties' agreement."
 {¶ 21} Based upon the foregoing, we find the trial court erred in terminating husband's spousal support obligation.
 {¶ 22} Wife's first assignment of error is sustained.
 II {¶ 23} In light of our disposition of wife's first assignment of error, we find wife's second assignment of error to be moot.
 {¶ 24} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed.
By: Hoffman, P.J., Boggins, J. concur.
Edwards, J. concurs separately.
topic: terminating spousal support under Dunaway.