OPINION
{¶ 1} Plaintiff, Lisa A.B. Lewis, appeals from an order terminating the spousal support obligation of her former spouse, Defendant, Dennis Surface, contained in the separation agreement incorporated in their decree of dissolution.
 {¶ 2} Lewis and Surface were married on July 16, 1983. On June 18, 1998, the parties entered into a separation agreement. On June 22, 1998, Lewis and Surface filed a petition in the Greene County Court of Common Pleas to dissolve their marriage. On July 31, 1998, the court adopted the separation agreement and dissolved their marriage.
 {¶ 3} The separation agreement contains a provision that required Surface to pay Lewis $950.00 per month for spousal support for a period of sixty months.
 {¶ 4} Lewis remarried on January 6, 2001. Upon learning of Lewis' remarriage, Surface moved to terminate spousal support. The magistrate recommended that the trial court terminate the spousal support obligation as of the date of Lewis' remarriage. The trial court adopted the magistrate's recommendation and overruled objections by Lewis. Lewis appeals from the trial court's decision, and presents one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "The trial court erred in adopting the magistrate's decision and order terminating the spousal support obligation of appellee as the court had no jurisdiction to make such an order."
 {¶ 6} Lewis argues that the trial court lacked jurisdiction to terminate the spousal support it had ordered in its decree of dissolution. We agree.
 {¶ 7} The jurisdiction of the courts of common pleas and their divisions is determined by legislative enactment. Article IV, Section4(B), Ohio Constitution. Mattone v. Argentina (1931), 123 Ohio St. 393.
 {¶ 8} The courts of common pleas and their domestic relations divisions have jurisdiction to determine all domestic relations matters. R.C. 3105.18. The court may do that by granting a decree of dissolution. R.C. 3105.61.
 {¶ 9} R.C. 3105.18(B) authorizes an award of spousal support "[i]n divorce and legal separation proceedings." It further provides: "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." R.C. 3105.18 contains no other provision making termination of a spousal support award automatic.
 {¶ 10} R.C. 3105.18(E) states:
 {¶ 11} "If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 {¶ 12} "* * *
 {¶ 13} "(2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 14} Curiously, R.C. 3105.18(E) introduces dissolution as a basis for a spousal support award which, pursuant to paragraph (A) of that section, may be made in divorce and legal separation proceedings. Paragraph (A) makes no mention of dissolution proceedings. Nevertheless, we believe that the General Assembly's intent clearly was to include dissolution among the proceedings in which spousal support may be awarded pursuant to R.C. 3105.18. Otherwise, paragraph (E) of that section would have no purpose. It would be well, however, for the General Assembly to modify R.C. 3105.18(A) to include dissolutions among the proceedings in which spousal support may be awarded.
 {¶ 15} Lewis' remarriage was clearly a change of circumstances for purposes of R.C. 3105.18(E). The issue is whether, per subparagraph (2) of that section, the separation agreement into which the parties had entered and which the court adopted in its decree "contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 16} The only provision in the separation agreement and decree which touches upon the issue is the final paragraph of Item IX, "Spousal Support," which states: "It is further ordered that if the obligee is to receive spousal support from the obligor, the obligee shall immediately notify the SEA, in writing, of remarriage if the remarriage would terminate the obligation to pay spousal support."
 {¶ 17} R.C. 3105.18(E)(2) contemplates an authorization both specific and unequivocal in its terms. The provision quoted above is neither. It does not authorize a modification, but only requires the obligee to notify the SEA of her remarriage "if the remarriage would terminate the spousal support obligation." This leaves wholly unanswered whether the court can then modify the spousal support it has ordered. At most, it suggests that remarriage may be grounds for termination, but even that is equivocal because termination is conditioned by the word "if" on an object that's wholly unidentified.
 {¶ 18} Perhaps attempting to fill in that blank, the trial court relied on the rule of Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, which held:
 {¶ 19} "Where a dependent divorced spouse remarries, the obligation of the first spouse to pay sustenance alimony terminates as a matter of law unless: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries." Id., Syllabus by the Court.
 {¶ 20} On this record, only the third prong of the Dunaway test is possibly implicated as a basis to terminate spousal support. However, the subsequent enactment of R.C. 3105.18(E) in 1991 has largely nullified the terms of Dunaway. See Alty v. Alty (Oct. 15, 1991), Champaign App. No. 91-CA-4. Instead of permitting spousal support to continue after remarriage only if the parties have expressly agreed that it would, R.C.3105.18(E) prohibits termination of spousal support on account of remarriage absent the specific agreed authorization which that section requires. By limiting the court's jurisdiction otherwise, R.C. 3105.18(E) forecloses the alternative in Dunaway's third prong. Whether the first and second prongs of the Dunaway test are likewise foreclosed is a question we're not required by this record to address.
 {¶ 21} The trial court erred when it terminated the award of spousal support ordered in the decree of dissolution. The assignment of error is therefore sustained. The order from which the appeal was taken will be reversed and vacated.
FAIN, J. and YOUNG, J., concur.